# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

RACHEL ROE, *a minor, by and through her parent and next friend*, ROBERT ROE; DAVID DOE, *a minor, by and through his parent and next friend*, DANA DOE; CLAIRE COE, *a minor, by and through her parent and next friend*, CHARLES COE; and PEN AMERICAN CENTER, INC.,

                Plaintiffs,

    v.

RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, *in his official capacity as Director of Rutherford County Schools*,

                Defendants.

Case No. 3:25-cv-00429
Judge Eli Richardson
Magistrate Judge Alistair Newburn

---

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

Pursuant to Rule 65 of the Federal Rules of Procedure, Plaintiffs Rachel Roe, David, Doe, Claie Coe and PEN America respectfully ask this Court to issue a preliminary injunction:

(1) requiring the Defendants to restore the removed books (Compl. ¶ 51) to Rutherford County Schools' libraries;

(2) requiring the Defendants to restore the restricted books (Compl. ¶ 51) to their previous status in Rutherford County Schools' libraries; and,

(3) enjoining Defendants from removing or restricting books from Rutherford County Schools libraries pursuant to the immediate removal provisions of Board Policy 4.403.

In support of this Motion, Plaintiffs rely on their Complaint, with attached exhibits (1-5), a Memorandum of Law filed herewith, with attached exhibits (A-D). As set forth therein,

Plaintiffs are likely to prevail on the merits of their claims, a preliminary injunction is necessary to prevent further irreparable harm to Plaintiffs, and a preliminary injunction is in the public interest. Immediate equitable relief is necessary so that individual Plaintiff can access the books in their school libraries before the school year ends at the end of May 2025 and so that Plaintiff PEN America's author members will not suffer further violation of their First Amendment rights.

Plaintiffs respectfully request that the Court exercise its discretion and waive any bond requirement in the case because Defendants are unlikely to sustain any costs or damages as the result of the requested preliminary injunction. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("[T]he rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security"); *FemHealth USA, Inc. v. City of Mount Juliet*, 458 F. Supp. 3d 777, 805 (M.D. Tenn. 2020).

Respectfully submitted,

/s/ Kerry Knox
KERRY KNOX, BPR #23302
117 S. Academy Street
Murfreesboro, TN 37130
(615) 896-1000
(615) 896-1027 (facsimile)
kek@castelliknox.com

/s/ Stella Yarbrough
Stella Yarbrough, BPR # 033637
Lucas Cameron Vaughn BPR# 36284
Zee Scout* BPR # 42637
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
Syarbrough@aclu-tn.org

*Admission to the Middle District pending

2

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was personally served upon the following this 21st day of April, 2025.

Rutherford County Board of Education
By and through its Director of Schools, James Sullivan
2240 Southpark Drive
Murfreesboro, TN 37218

James Sullivan
2240 Southpark Drive
Murfreesboro, TN 37218

*/s/ Stella Yarbrough*

3