# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

RACHEL ROE, a minor, by and through her parent and next friend, ROBERT ROE; DAVID DOE, a minor, by and through his parent and next friend, DANA DOE; CLAIRE COE, a minor, by and through her parent and next friend, CHARLES COE; and PEN AMERICAN CENTER, INC.,

  Plaintiffs,

vs.

RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, in his official capacity as Director of Rutherford County Schools,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.  3:25-cv-00429

JUDGE RICHARDSON
MAGISTRATE NEWBERN

---

## MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE IN OPPOSITION TO MOTION FOR PRELIINARY INJUNCTION (DE 11) AND TO FILE RESPONSIVE PLEADING TO COMPLAINT (DE 1)

---

COME NOW Defendants Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools (collectively, "Defendants"), by and through counsel, pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, and move this Honorable Court to allow them an enlargement of time to respond to Plaintiffs' Complaint (DE 1) and Plaintiffs' Motion for Preliminary Injunction (DE 11) in this cause.  In support of this Motion, Defendants would state and show unto the Court as follows:

1. Plaintiffs filed this lawsuit on April 16, 2025 asserting claims under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution (DE 1).  That same day, the Court

entered a Notice of Setting of Initial Case Management Conference (DE 5), scheduling the telephonic initial case management conference in this matter for June 4, 2025 at 10:00 A.M.

2.      Plaintiffs' Complaint was served on Defendants on or about April 17, 2025.  That same day, Plaintiffs filed their Motion for Preliminary injunction (DE 11), which was served electronically via e-mail on Defendants on 1:18 p.m. or about Friday, April 18, 2025 (Good Friday).[1]

3.      The undersigned received the Complaint (DE 1) on April 17, 2025; however, the undersigned did not receive the Motion for Preliminary Injunction (DE 11) until Monday, April 21, 2025.

4.      Plaintiff's Complaint (DE 1) consists of sixty-nine (69) individually numbered paragraphs and attaches five (5) exhibits.  The Complaint challenges the de-circulation of fifty-nine (59) books within the Rutherford County Schools libraries, claiming that the de-circulation of said books violates the First Amendment right to receive information on behalf of the individual student Plaintiffs and the First Amendment right of freedom of expression on behalf of Plaintiff PEN America.  (DE 1 at PageID# 17-18).  Plaintiffs allege that that these fifty-nine (59) books were removed "in a narrowly partisan or political manner, or because Defendants disagree with the ideas or views contained in those books" and that "defendants have no substantial or legitimate pedagogical interest" in de-circulating such books.  (Complaint, DE 1, at PageID# 33).  Defendants disagree.  Plaintiffs' Complaint also references several audio/video segments from board meeting recordings (many being multiple hours in length), board meeting agendas, board minutes, and news articles spanning over a year from throughout 2024 and 2025. (*See generally, id.*).

---

[1] Public schools, including Rutherford County Schools, are closed on April 18, 2025.

5. Plaintiff's Memorandum of Law in Support of Motion for Preliminary Injunction (DE 12) is twenty-five (25) pages long and attaches four (4) declarations. The same also discusses at length the books at issue and references various documents and recordings from school board meetings. (*See generally, id.*).

6. Because of other commitments and other cases the undersigned is handling, the undersigned will require additional time to investigate the allegations set forth in Plaintiffs' Complaint (DE 1) and Motion for Preliminary Injunction (DE 11) in order to file appropriate responses to the same. The records referenced by Plaintiffs in their Complaint (DE 1) are voluminous and include board minutes, recordings, and agendas spanning over a year, as well as documentation related to Defendants' administrative review process of the subject books. Defendants' counsel has begun its investigation into this matter and is in the process of reviewing records relating to these allegations, including a review of the fifty-nine (59) books being challenged by Plaintiffs. In addition, the current school year is coming to a close (the last day is May 30, 2025), and therefore the availability of Defendants' representatives and employees are hampered due to end-of-year obligations, which will impact the amount of time it will take to gather all records necessary to respond to the Complaint (DE 1) and Motion (DE 11) and to consult with counsel regarding the same.

7. In light of the foregoing, Defendants respectfully request an extension of time through **May 30, 2025** to respond to both the Complaint (DE 1) and Motion for Preliminary Injunction (DE 11).

8. The undersigned conferred by telephone with counsel for Plaintiffs on April 24, 2024, and counsel for Plaintiffs indicated that they do not oppose the full requested extension to respond to the Complaint (DE 1) by May 30, 2025. However, counsel for Plaintiffs indicated that

3

they are only agreeable to an extension of time through **May 15, 2025** for Defendants to respond to Plaintiffs' Motion for Preliminary Injunction (DE 11).

9.      Defendants submit that filing responses to the Complaint (DE 1) and Motion (DE 11) simultaneously makes the most sense for purposes of judicial economy because responding to the Motion (DE 11) will necessarily involve analyzing the merits of Plaintiff's claims, *i.e.*, likelihood of success on the merits, as well as consulting with various stakeholders and reviewing numerous book excerpts, meeting minutes, and other documentation – the same documentation that will be necessary for responding to the Complaint (DE 1).

10.      The extension requested herein is not intended to unnecessarily delay the litigation, and no party will be prejudiced if the Defendants' Motion is granted.  The initial case management conference in this case is set for June 4, 2025 – which is after the requested extension.  Further, the requested extension for Defendants' Response to Plaintiffs' Motion for Preliminary Injunction will not prejudice Plaintiffs because, even under the current response deadline of May 2, 2025, it is unlikely that the matter would be fully briefed and ruled upon by the Court by the time school lets out for the summer on May 30, 2025.  Students do not have access to school libraries during summer months, and so any decision by the Court would not impact Plaintiffs until the start of the 2025-2026 school year in August 2025.  Granting the extension requested herein would allow the Defendants adequate time to review the necessary records and consult with necessary persons to respond to the Complaint (DE 1) and Motion (DE 11) while still providing several months for the Court to rule on the same prior to the start of the upcoming school year.

11.      As referenced by Plaintiffs in their Complaint (DE 1), Plaintiffs' ACLU counsel has been following the underlying matters for many months and have had a substantial amount of time to craft their Complaint (DE 1) and Motion (DE 11), digest complex First Amendment

4

jurisprudence relevant to these matters, and review all the school board meetings referenced in Plaintiffs' Complaint. (*See* Complaint, DE 1, at PageID# 11, fn. 11). Even Plaintiffs admit in their Complaint (DE 1) that review of the de-circulated books is an "enormous task." (*See* Complaint (DE 1), at Page ID# 12, ¶35). Further, many of the challenged de-circulation decisions were made months ago, and some over a year ago. Yet, Plaintiffs delayed until April 16, 2025 to file their Complaint – a mere forty-four (44) days prior to the final day of the Rutherford County School year – with a corresponding request for a preliminary injunction a day later to require Defendants to restore the removed and restricted books and to be enjoined from removing or restricting any other books. Indeed, while Plaintiffs assert that they "diligently asserted their First Amendment Rights" by filing this case "a mere week" after the April 9, 2025 School Board meeting at which "the last tranche of books" were "banned", (Memorandum of Law, DE 12, at PageID #104, fn. 13), only six (6) of the fifty-nine (59) challenged decisions were made on April 9, 2025.[2] The immediately previous date on which de-circulation and restriction decisions were made was March 7, 2025 and previous decisions were made dating back to early 2024.[3] Thus, Plaintiffs' own delay in seeking injunctive relief from this Court belies their stated need for immediate equitable relief "before the school year ends at the end of May 2025." (Motion, DE 11, at PageID# 78).

12. This motion is filed before the expiration of the original time required for filing a response to the Complaint (DE 1) and to the Motion (DE 11).

---

[2] See *Removed Library Materials* (as per Policy 4.4.03)*,* https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=525032&type=d&pREC_ID=2636708. (last accessed April 24, 2025)
[3] *Id.*

**WHEREFORE PREMISES CONSIDERED**, Defendants respectfully request that the Court enter an Order allowing them through and including **May 30, 2025** to respond to both the Complaint (DE 1) and Motion for Preliminary Injunction (DE 11).

**Respectfully submitted,**

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Nick C. Christiansen** ___
    **JEFF REED, #15000**
    **NICK C. CHRISTIANSEN, #30103**
    **JASON N. KING, #027749**
    16 Public Square North
    P.O. Box 884
    Murfreesboro, TN  37133
    (615) 893-5522
    jreed@mborolaw.com
    nchristiansen@mborolaw.com
    jking@mborolaw.com

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following via the District Court's electronic filing system and/or U.S. Mail, postage prepaid, to:

Kerry Knox
117 S. Academy Street
Murfreesboro, TN 37130
kek@castelliknox.com

Stella Yarbrough
Lucas Cameron Vaughn
Zee Scout
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
syarbrough@aclu-tn.org

this the 24th day of April, 2025.

**/s/ Nick C. Christiansen** ___
**NICK C. CHRISTIANSEN**

6