IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RACHEL ROE, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:25-cv-00429 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| RUTHERFORD COUNTY BOARD OF | ) | |
| EDUCATION, ET AL., | ) | |
| | ) | |
| Defendants. | | |

## <u>ORDER</u>

Pending before the Court is Defendants' "Motion for Enlargement of Time to File Response in Opposition to Motion for Preliminary Injunction (DE 11) and to File Responsive Pleading to Complaint (DE 1)" (Doc. No. 17, "Motion for Extension"). Via the Motion for Extension, Defendants request an extension through May 30, 2025 to file their responses to both Plaintiffs' complaint (Doc. No. 1, "Complaint") and Plaintiffs' motion for preliminary injunction (Doc. No. 11, "Motion for Preliminary Injunction").

Plaintiffs, via their response (Doc. No. 18, "Response") to the Motion for Extension do not oppose the request insofar as it concerns the responsive pleading to the Complaint but oppose an extension beyond May 15, 2025 for Defendants' response to the Motion for Preliminary Injunction. The Magistrate Judge, via an earlier order (Doc. No. 19), granted the Motion for Extension in part. Specifically, the Magistrate Judge granted it with respect to the Complaint in part and deferred it (for the undersigned district judge's consideration) with respect to the Motion for Preliminary Injunction

The Court finds good cause exists to grant the requested extension as to the Motion for Preliminary Injunction. The record demonstrates that the Complaint and Motion for Preliminary Injunction implicate voluminous factual records, including dozens of challenged books and related school board documentation, the review of which reasonably requires additional time. Defendants have also shown that the extension is sought in good faith and is necessitated in part by end-of-year school obligations that impact the availability of relevant personnel.

Moreover, the Court finds that no undue prejudice will result from granting the requested extension as to the Motion for Preliminary Injunction. The initial case management conference is scheduled for June 4, 2025, shortly after the requested deadline. Because the relief sought by Plaintiffs would not have any practical effect during the summer months when school libraries are inaccessible, the timing of Defendants' response will not materially impact Plaintiffs' ability to obtain meaningful preliminary injunctive relief (to the extent that it proves ultimately proves appropriate) prior to the 2025–2026 academic year.

Accordingly, Defendants' motion for extension is granted as to the Motion for Preliminary Injunction, and Defendants shall respond to Plaintiffs' Motion for Preliminary Injunction by May 30, 2025.

As the Motion for Extension (Doc. No. 17) has now been granted in full, the Clerk is directed to ensure that it has been terminated.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE