RACHEL ROE, et al.,

                Plaintiffs,

    v.

RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN,

                Defendants.

Case No. 3:25-cv-00429
Judge Eli Richardson
Magistrate Judge Alistair Newbern

JURY DEMAND

## JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

**A.** **JURISDICTION:** The Court has jurisdiction pursuant to This Court has jurisdiction over Plaintiffs' federal claims pursuant 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights) because they arise under the First Amendment to the United States Constitution and 42 U.S.C. § 1983. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 for those claims properly brought against Defendants.

**B.** **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

This action for declaratory and prospective injunctive relief is brought under 42 U.S.C. §1983 ("Civil Rights Act of 1871"). Plaintiffs Rachel Roe, Donald Doe, and Claire Coe

1

("Individual Plaintiffs") are students enrolled in Rutherford County Schools. They have a First Amendment right to access a wide range of information and ideas in their public-school libraries. Defendants violated this right by wantonly removing dozens of books, *see* Doc. 1 at ¶¶ 47-49, in a narrowly partisan or political manner based on mere disagreement with the books' content. Defendants acted pursuant to Board Policy 4.403 in doing so.

Plaintiff PEN America is a free-speech organization dedicated to advancing the First Amendment rights of authors across the nation. On behalf of its author members, PEN America asserts authors' First Amendment right to communicate their ideas without undue government interference based on the government's disagreement with those ideas. Defendants violated this right by wantonly removing dozens of the authors' books, *see* Doc. 1 at ¶ 50, based on Defendants' mere disagreement with and distaste for the viewpoints and topics expressed therein. Defendants acted pursuant to Board Policy 4.403 in doing so.

**DEFENDANTS:**

Defendants incorporate by reference their Answer and Response in Opposition to Plaintiffs' Motion for Preliminary Injunction filed in this matter.

Firstly, the removal of library books from a school library does not violate any First Amendment right to receive information. This case *does not* involve the banning of books. Rather, this case involves the local county board of education's actions to remove certain books based on explicit sexual content and impose age restrictions on access to other books. The decisions were not made on the basis of unlawful viewpoint discrimination. The school system is within its right to protect students from explicit sexual content and materials inappropriate to certain age levels. The school system sits *in loco parentis* to students within its care, and the locally democratically elected Board of Education has authority to determine the content of its library collections. There

2

is no First Amendment right which requires a school system to maintain certain books in its school libraries. It is not even possible for a school library to carry every book ever written. A school system has the right to curate its library content, and the exercise of that right to remove materials which contain explicit sexual content or age inappropriate materials does not violate the First Amendment.

Secondly, the challenged school library curation decisions are government speech to which the First Amendment does not apply. A government's presentation of a curated collection of private speech for use by the public has been regarded by the United States Supreme Court and Circuit Courts of Appeal as government speech in a wide variety of contexts, including museums, newspapers, cable television networks, parades, public libraries, and monument displays. In all of these contexts, the expressive activity that controls is not the private speech in the curated collection but rather the government's *choice* in the selection of materials. These principles apply with even greater force to the public-school setting because of the local government's special interest in inculcating knowledge, choosing which pedagogical values to emphasize, and choosing the means through which those values are to be promoted.

Thirdly, even if this Court undertook a nonpublic forum analysis of this case, content-based restrictions may be made in that context if they are reasonable given the purpose of the forum and are viewpoint neutral. Defendants' removal or age-restriction of books containing descriptions of sex acts and other explicit material from school libraries satisfies that test. The removed or restricted books contain content that is lewd, vulgar, and/or age-inappropriate regardless of the viewpoints expressed in such books. The First Amendment does not prevent Defendants from removing such material from its school library shelves, particularly in light of Defendants acting *in loco parentis* to protect children from exposure to such materials.

3

**C.    ISSUES RESOLVED:**

1. The parties agree that Defendants have been properly served with the Summonses, Complaint, Motion for Protective Order, and Motion for Preliminary Injunction.

2. The parties agree that jurisdiction and venue are proper in this Court.

3. The parties agree that Plaintiffs' Motion for Protective Order should be granted.

**D.    ISSUES STILL IN DISPUTE:** All remaining issues are in dispute.

**E.    INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **June 27, 2025**. Any documents described in the initial disclosures must be produced in electronic format by no later than **June 27, 2025.**

**F.    CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

*Judge Richardson*: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. Approximately fourteen (14) days after the conclusion of fact discovery, or by **October 27, 2025**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

*Magistrate Judge Newbern:* The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

### G.    DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before **December 31, 2025**. Written discovery shall proceed promptly (unless otherwise provided for herein) and the first set of Interrogatories and Requests for Production of Documents from each party shall be served no later than **August 11, 2025**. Any further written discovery shall be served by no later than **November 28, 2025**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute.

*Magistrate Judge Newbern:* If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the

5

Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **January 19, 2026.**

**H.      MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **July 14, 2025**.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I.      DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before **January 31, 2026**. The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before **March 17, 2026.** All expert witnesses shall be deposed on or before **May 1, 2026**.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C).

**J.      NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case

management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

### K. DISPOSITIVE MOTIONS:

As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **June 2, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

### L. ELECTRONIC DISCOVERY:

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's

7

approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

Agreed upon procedures/terms/conditions for electronic discovery:

**Retention of electronically stored information.** To the extent that they are able to do so, each party shall preserve the integrity of all relevant electronically stored information including the electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history.

**Relevant time for relevant electronically stored information**. To the extent that they are able to do so, each party shall preserve the identifiable relevant electronically stored information from **July 1, 2023** through the present.

**Privilege**. The production of ESI shall not constitute a waiver of the attorney-client privilege or work product protection, even though there is a failure to take reasonable steps to prevent production of information covered by the attorney-client privilege or work product protection, or a failure to take reasonable steps to rectify the error. Electronically stored information that contains privileged information or attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced, or if there is notice of the inadvertent production within thirty (30) days of such. In all other circumstances, Rule 26(b)(5)(B) shall apply.

In addition, the Parties agree that all correspondence, discovery requests and the like may be exchanged by electronic mail.

**M.     MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification 5 must include a statement confirming that counsel for the moving

8

party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

### N. REQUESTS TO SEAL DOCUMENTS:

Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

### O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

The jury or bench trial of this action is expected to last approximately four or five days. A trial date no earlier than **October 5 , 2026** is requested. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

9

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge