IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| RACHEL ROE, a minor, by and through her parent and next friend, ROBERT ROE; DAVID DOE, a minor, by and through his parent and next friend, DANA DOE; CLAIRE COE, a minor, by and through her parent and next friend, CHARLES COE; and PEN AMERICAN CENTER, INC., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 3:25-cv-00429 |
| RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, in his official capacity as Director of Rutherford County Schools, | ) ) ) ) ) ) | JUDGE RICHARDSON MAGISTRATE NEWBERN |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

COME NOW Defendants Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools (collectively, "Defendants"), by and through counsel, in response to the Complaint (DE 1) filed in this cause, and state unto this Honorable Court as follows:

**FIRST DEFENSE**

Pending further investigation and in order to avoid waiver, Defendants aver that some or all of the claims in the Complaint fail to state a claim against them upon which relief can be granted.

1

## SECOND DEFENSE

In response to the individually numbered paragraphs contained in the Complaint, and with specific reference thereto, Defendants respond as follows:

### Jurisdiction and Venue

1. The statements contained in paragraph 1 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against Defendants, it is denied that Defendants violated Plaintiffs' constitutional rights or acted improperly in any way.

2. The statements contained in paragraph 2 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against these Defendants, it is denied that Plaintiffs are entitled to declaratory relief or any relief whatsoever.

3. In response to the statements contained in paragraph 3, Defendants would state that they do not dispute venue.

### Parties

4. Defendants are without knowledge or information sufficient to admit or deny the statements contained in paragraph 4.

5. The statements contained in paragraph 5 are admitted.

6. In response to the allegations contained in paragraph 6, it is denied that Plaintiffs' "rights and wishes have been affected by Defendants, who have systematically and enthusiastically banned books from the libraries of their schools based on disapproval of the content contained therein" as alleged in this paragraph. Defendants are without knowledge or information sufficient to admit or deny the remaining statements contained in paragraph 6.

7. Defendants are without knowledge or information sufficient to admit or deny the statements contained in the first through fourth grammatical sentences of paragraph 7. The fifth grammatical sentence of paragraph 7 is denied.

8. The statements contained in paragraph 8 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against Defendants, it is denied that Plaintiff PEN America has standing to bring this action. It is denied that Defendants violated—and continue to violate—the constitutional rights of authors affiliated with PEN as alleged in this paragraph.

9. In response to the statements contained in paragraph 9, it is admitted that the listed books were removed from Rutherford County Schools libraries or age-restricted. Defendants are without knowledge or information sufficient to admit or deny whether the authors of such books are PEN America members.

10. In response to the first grammatical sentence of paragraph 10, it is admitted that the Board operates Rutherford County Schools. Defendants are without knowledge or information sufficient to admit or deny whether the minor Plaintiffs attend Rutherford County Schools. The second and third grammatical sentences of paragraph are is admitted. The fourth grammatical sentence of paragraph 10 and the statements in footnote 2 are admitted. The statements contained in the fifth grammatical sentence of paragraph 10 constitute a legal conclusion and, therefore, do not require a response.

11. The first and second grammatical sentences of paragraph 11 are admitted. The statements contained in the third grammatical sentence of paragraph 11 constitute a legal conclusion and, therefore, do not require a response. The fourth grammatical sentence of

paragraph 11 is admitted. The statements contained in the fifth grammatical sentence of paragraph 11 constitute a legal conclusion and, therefore, do not require a response.

## Facts

12. The statements contained paragraph 12 constitute a legal conclusion and, therefore, do not require a response.

13. The statements contained in paragraph 13 are admitted. Further, these Defendants would state that Policy 4.403 attached to the Complaint as Ex. 1 speaks for itself.

14. In response to the first grammatical sentence of paragraph 14, it is denied that Defendants banned any books. It is admitted that library materials were reviewed under applicable law during this time period. The second grammatical sentence of paragraph 14 is denied, as stated. In response to the third grammatical sentence of paragraph 14, the statement, "[t]he books were removed because Defendants believed their content met the definition of Tenn. Code Ann. §§ 39-17-901, 911" is denied, as stated. In further response, the removal and/or restriction of books was decided on a case-by-case basis under applicable law. The balance of allegations in the third grammatical sentence of paragraph 14 are denied. The fourth grammatical sentence of paragraph 14 is admitted.

15. In response to the allegations contained in paragraph 15, Defendants would state that the Policy referenced in this paragraph speaks for itself. To the extent the statements contained in paragraph 15 conflict with the Policy, the same are denied.

16. In response to the allegations contained in paragraph 16, Defendants would state that the Policy referenced in this paragraph speaks for itself. To the extent the statements contained in paragraph 16 conflict with the Policy, the same are denied.

17. The statements contained in paragraph 17 are admitted.

18. The first grammatical sentence of paragraph 18 is denied, as stated. In further response, it is admitted that Caleb Tidwell mentioned bookreviewrc.com and encouraged the other board members to read the content of the books that the Board was reviewing. Defendants are without knowledge or information sufficient to admit or deny the statements contained in the second grammatical sentence of paragraph 18. The third and fourth grammatical sentences of paragraph 18 are admitted.

19. The statements contained in paragraph 19 are admitted.

20. In response to the first grammatical sentence of paragraph 20, it is admitted that clicking on the cover of each book links to content from BookLooks.org. Defendants are without knowledge or information sufficient to admit or deny the remaining statements contained paragraph 20. Defendants deny that their decisions to remove or restrict any books were politically motivated or improper in any way.

21. Defendants are without knowledge or information sufficient to admit or deny the statements contained in the first grammatical sentence of paragraph 21. In response to the second grammatical sentence of paragraph 21, Defendants would state that the BookLooks pages provide direct quotes of various content from the books that were under review by the Board. In further response, Defendants state that the content of the books speak for themselves.

22. In response to paragraph 22, Defendants would state that the BookLooks page attached as Exhibit 3 to Plaintiffs' Complaint speaks for itself.

23. Defendants are without knowledge or information sufficient to admit or deny the statements contained in paragraph 23 but would state that Exhibit 4 to Plaintiffs' Complaint speaks for itself.

24. Defendants are without knowledge or information sufficient to admit or deny the statements contained in paragraph 24 but would state that Exhibits 3 and 4 to Plaintiffs' Complaint speak for themselves.

25. Defendants are without knowledge or information sufficient to admit or deny the statements contained in paragraph 25 but would state that Exhibit 4 to Plaintiffs' Complaint speaks for itself.

26. Defendants are without knowledge or information sufficient to admit or deny the statements contained in the first grammatical sentence of paragraph 26 but would state that Exhibit 4 to Plaintiffs' Complaint speaks for itself. In response to the second grammatical sentence of paragraph 26, defendants would state that Exhibit 5 to Plaintiffs' Complaint speaks for itself.

27. The first grammatical sentence of paragraph 27 is admitted. In response to the second grammatical sentence, it is admitted that a motion to restrict or remove books based on their BookLooks score failed and that a motion to individually vote on each book based on the content contained in each book was adopted. It is denied that the Board relied on any partisan, biased reviews from BookLooks.

28. The first grammatical sentence of paragraph 28 is denied. In response to the second grammatical sentence of paragraph 28, it is admitted that the statements in quotation marks in this sentence were said by the individual listed. In further response, Defendants would state that the recordings of the September 17, 2024 and September 19, 2024 meetings speak for themselves.

29. The statements contained in paragraph 29 are admitted. In further response, Defendants would state that the recording of the September 19, 2024 meeting speaks for itself.

30. In response to the statements contained in paragraph 30, it is admitted that the Board removed six of the seven books pursuant to applicable law. In further response, Defendants would state that the recording of the September 19, 2024 meeting speaks for itself.

31. In response to the statements contained in paragraph 31, it is admitted that Defendants removed and/or placed age restrictions on books from school libraries at various times in 2024 and 2025 pursuant to applicable law.

32. The statements in paragraph 32 are admitted.

33. The statements contained in paragraph 33 are denied, as stated. In further response, Defendants would state that the news article referenced in Plaintiffs' Complaint speaks for itself.

34. The first grammatical sentence of paragraph 34 is denied, as stated. In further response, it is admitted that school librarians were directed to remove challenged books from their shelves pending final decision by the Board. In response to the second grammatical sentence, it is admitted that some libraries temporarily closed while librarians re-inventoried their collections. In response to the third grammatical sentence of paragraph 34, and upon information and belief, it is admitted that there were some instances where students were asked to return books that Defendants determined should be removed or restricted.

35. In response to the first grammatical sentence of paragraph 35, it is admitted that the Board voted that they would empanel a committee of school librarians to review the challenged books and provide recommendations to the Board but that the Board would make the ultimate decision of whether to retain, remove, or age-restrict each book. The remainder of the first grammatical sentence of paragraph 1 is denied, as stated. The second grammatical sentence of paragraph 35 is admitted. The third grammatical sentence is denied, as stated. In further response, Defendants would state that the recording of the November 14, 2024 meeting speaks for itself.

36. The statements contained in paragraph 36 are denied, as stated. In further response, Defendants would state that the recording of the November 14, 2024 meeting speaks for itself.

37. The first grammatical sentence of paragraph 37 is denied, as stated. In response to the second and third grammatical sentences of paragraph 37, it is admitted that the statements in quotation marks contained in paragraph 37 were said by the individual listed. In further response, Defendants would state that the recording of the November 14, 2024 meeting speaks for itself.

38. It is admitted that the statements in quotation marks contained in paragraph 38 were said by the individuals listed. In further response, Defendants would state that the recording of the November 14, 2024 meeting speaks for itself.

39. The first grammatical sentence of paragraph 39 is denied, as stated. In response to the remaining statements contained in paragraph 39, it is admitted that the statements in quotation marks contained in paragraph 39 were said by the individuals listed. In further response, Defendants would state that the recording of the November 14, 2024 meeting speaks for itself.

40. The statements contained in paragraph 40 are denied, as stated. In further response, Defendants would state that the recording of the November 14, 2024 meeting speaks for itself.

41. The first grammatical sentence of paragraph 1 is denied, as stated. In further response, Defendants would state that a motion passed with a vote of 6-1 to (1) give the panel of librarians until the end of the academic year to review the challenged books and report to the Board their recommendations; (2) provide additional compensation of $1,000 to the librarians for their review of the books; and (3) allow the Board to make the final decision as to each book. The second grammatical sentence is denied, as stated. In further response, it is admitted that some Board members voiced their support for the opinions of school librarians with respect to the age-appropriateness of the challenged books.

42. The statements contained in paragraph 42 are admitted.

43. The first grammatical sentence of paragraph 43 is denied, as stated. In further response, it is admitted that the Board voted to remove or restrict certain books from school libraries at various times during the 2024-2025 school year. The second grammatical sentence of paragraph 43 is denied, as stated. In further response, it is admitted that the Board did not agree with a number of the recommendations of the librarian review committee with respect to whether the content in the books met the criteria for removal or restriction under applicable law.

44. The first grammatical sentence of paragraph 44 is admitted. The second grammatical sentence of paragraph 44 is denied. In further response, and upon information and belief, between August 2023 and April 2025, one hundred thirty-three (133) books have been removed from school libraries or age-restricted under applicable law. It is further admitted that these books were either removed or age-restricted because the Board determined that removal of the books was required under applicable law due to the content of the books. In response to the third grammatical sentence of paragraph 44, the recordings of the Board meetings speak for themselves.

45. In response to the first grammatical sentence of paragraph 45, it is admitted that some of the books listed on the "under review" tab of bookreviewrc.com were not voted on by the Board. It is denied that any of the books listed on the "under review" tab that have not been previously reviewed by the Board are currently under review by the Board. In further response, Defendants would state that Defendants do not maintain this website. The statements contained in the second grammatical sentence of paragraph 45 are denied, as stated.

46. The first grammatical sentence of paragraph 46 is admitted. In response to the second grammatical sentence of paragraph 46, it is admitted that some of the challenged books

appear on school curricula and that some of the challenged books were published for a teen or young adult audience. In response to the third grammatical sentence of paragraph 46, the allegation is vague and over-generalized, as the allegation does not specify any book with certainty. Accordingly, said allegation is denied. The fourth grammatical sentence of paragraph 46 is denied.

47. Defendants are without knowledge or information sufficient to admit or deny the statements contained in paragraph 47.

48. Defendants are without knowledge or information sufficient to admit or deny the statements contained in paragraph 48.

49. Defendants are without knowledge or information sufficient to admit or deny the statements contained in paragraph 49.

50. In response to paragraph 50, it is admitted that the listed books are among the books removed from school libraries or age-restricted within Rutherford County Schools. Defendants are without knowledge or information sufficient to admit or deny whether the authors of such books are PEN American members.

51. Paragraph 51 simply consists of a list of sixty (60) books Plaintiffs challenge. To the extent paragraph 51 constitutes a factual allegation against defendants, it is admitted that these sixty (60) books have been removed from school libraries or age-restricted within Rutherford County Schools.

52. In response to the allegations contained in paragraph 52, Defendants are without knowledge or information sufficient to admit or deny whether the books are "serious works of literature that contain literary, artistic, political, and/or scientific value for high school students," as the allegations are general, vague, subjective, and a call for a matter of opinion. Defendants are without knowledge or information sufficient to admit or deny the statements contained in

paragraph 52 with respect to the accolades of each book. With respect to the references to the library review committee's statements in the bullet points of paragraph 52, the written reviews of the library review committee speak for themselves. To the extent the statements made in such bullet points of paragraph 52 conflict with the written reviews of the library review committee, the same are denied. In further response regarding Plaintiffs' summaries or synopsis of the books in the bullet points of paragraph 52, the books speak for themselves.

53. The statements contained in paragraph 53 are denied, as stated. It is admitted that the books challenged by Plaintiffs were removed from school libraries or age-restricted under applicable law.

**First Claim for Relief**
**42 U.S.C. § 1983**
**First Amendment Right to Receive Information**
*On Behalf of the Individual Plaintiffs*

54. Defendants incorporate paragraphs 1-53 by reference as if fully set forth herein verbatim.

55. The statements contained in paragraph 55 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against Defendants, it is denied that Defendants violated Plaintiffs' First or Fourteenth Amendment rights.

56. The statements contained in paragraph 56 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against Defendants, the same are denied. In further response, it is denied that Defendants infringed on Plaintiffs' First Amendment rights.

57. The allegations contained in paragraph 57 are denied.

58. The allegations contained in paragraph 58 are denied.

59. The allegations contained in paragraph 59 are denied.

60. In response to the allegations contained in paragraph 60, it is denied that Defendants have "banned" any books and it is denied that Defendants have no substantial or legitimate interest in removing the challenged books from school libraries or placing age-restrictions on the same.

61. The statements contained in paragraph 61 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against Defendants, the same are denied.

62. The allegations contained in paragraph 42 are denied, as stated.

63. The allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 are denied.

65. The allegations contained in paragraph 65 are denied. Defendants affirmatively deny that Plaintiffs are entitled to any relief whatsoever in this matter.

**Second Claim for Relief**
**42 U.S.C. § 1983 – First Amendment**
**Freedom of Expression**
*Plaintiff PEN America Against Defendants*

66. Defendants incorporate paragraphs 1-65 by reference as if fully set forth herein verbatim.

67. The statements contained in paragraph 67 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against Defendants, the same are denied. In further response, it is denied that Defendants infringed on Plaintiffs' First Amendment rights.

68. The allegations contained in paragraph 68 are denied.

69. The statements contained in paragraph 69 constitute a legal conclusion and, therefore, do not require a response. To the extent such statements constitute allegations against

Defendants, the same are denied. In further response, it is denied that Defendants infringed on Plaintiffs' First Amendment rights.

### Prayer for Relief

70. In response to Plaintiffs' Prayer for Relief, and all subparts thereof, Defendants deny that they are liable to Plaintiffs and deny that Plaintiffs are entitled to any relief whatsoever in this matter.

### THIRD DEFENSE

Pending investigation and in order to avoid waiver, Defendants aver that all or some of Plaintiffs' claims are barred because Plaintiffs have failed to exhaust administrative remedies.

### FOURTH DEFENSE

Plaintiffs lack standing to bring this action as they have not suffered an injury in fact that is concrete and particularized, nor is there a causal connection between the alleged injury and the conduct complained of. Further, Plaintiff PEN American Center, Inc. lacks organizational standing in its own right and associational standing to bring this action on behalf of its members.

### FIFTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted, as it does not sufficiently allege facts that constitute a violation of the First Amendment or any other legal right. Plaintiffs have failed to state a claim for the right to receive information because the minor Plaintiffs remain free to access, read, and possess the challenged library materials on school grounds and otherwise obtain the challenged library materials from any source other than Rutherford County Schools libraries. Plaintiffs have failed to state a claim for the right to freedom of expression because Plaintiffs have other forms and avenues of expression available to them for their speech and the actions of Defendants have done nothing to prohibit Plaintiff PEN American

13

Center, Inc.'s members from writing, editing, publishing, promoting, marketing, or otherwise expressing their speech.

## SIXTH DEFENSE

Plaintiffs have no First Amendment right to receive information from Defendants or to compel Defendants to provide continuing access to particular books. *See Little v. Llano Cnty.*, 2025 WL 1478599 (5th Cir. May 23, 2025).

## SEVENTH DEFENSE

The actions of the Defendants fall under the government speech doctrine, which allows the government to express its own views and make decisions regarding the content of its own speech, including the selection of materials in a school library. The actions of Defendants constitute government speech for which no First Amendment protections attach.

## EIGHTH DEFENSE

To the extent forum analysis applies, Rutherford County Schools libraries are nonpublic forums for which reasonable limitations on speech are permitted so long as there is a legitimate, non-discriminatory purpose behind the limitations. The complained-of actions by Defendants are permitted within the context of such forums.

## NINTH DEFENSE

To the extent content in school libraries is entitled to First Amendment protections, the obscene, indecent, and vulgar speech contained in the challenged books is subject to First Amendment limitations on the rights of the speaker in reaching an unlimited audience where, like here, the speech is sexually explicit and the audience may include children.

## TENTH DEFENSE

The actions of Defendant were taken pursuant to their legitimate pedagogical interest in protecting children from exposure to sexually explicit, indecent, lewd, and otherwise objectionable content in their school libraries.

## ELEVENTH DEFENSE

The acts or omissions complained of in Plaintiffs' Complaint were done in good faith, in conformity with, and in reliance on Tennessee state law. Defendants have a duty to follow Tennessee law, and they cannot be liable for following presumptively constitutional laws that have yet to be enjoined or declared unconstitutional by a court of competent jurisdiction.

## TWELFTH DEFENSE

The removal and/or restriction of the challenged library books was based on legitimate pedagogical concerns and not on the basis of viewpoint discrimination or censorship. The actions taken by Defendants were content-neutral and based on criteria unrelated to the viewpoint expressed in the books. The complained-of actions taken by the Defendants do not constitute viewpoint discrimination against the Plaintiffs themselves, either collectively, individually, on behalf of others, or in their organizational or associational capacity.

## THIRTEENTH DEFENSE

The Board's Policy is viewpoint-neutral, narrowly tailored, and designed to serve Defendants' legitimate interest in maintaining strict control over the materials within their libraries, as required by Tennessee law.

## FOURTEENTH DEFENSE

Plaintiffs have failed to show that Defendants acted with impermissible viewpoint discrimination with respect to each individual library material whose removal or restriction Plaintiffs challenge.

## FIFTEENTH DEFENSE

Plaintiffs have not and will not be able to satisfy the elements required for injunctive relief. Specifically, Plaintiffs have: (1) not shown they are substantially likely to succeed on the merits; (2) nor have they demonstrated irreparable harm as a result of the complained-of actions; (3) the balance of equities favors Defendants, therefore foreclosing injunctive relief; (4) as does the public interest, further foreclosing the possibility of injunctive relief

## SIXTEENTH DEFENSE

Plaintiffs have an obligation to mitigate damages. To the extent Plaintiffs have not done so, Defendants are entitled to a credit or setoff against any judgment awarded to Plaintiffs in an amount equal to the damages that could have been reasonably avoided by Plaintiffs.

## SEVENTEENTH DEFENSE

If Plaintiffs sustained any damage or loss, which Defendants expressly deny, the same was negligible in degree and amount and was *de minimis*.

## EIGHTEENTH DEFENSE

Defendants are entitled to recover attorney's fees from Plaintiffs pursuant to 42 U.S.C. § 1988.

## NINETEENTH DEFENSE

Defendants reserve the right to add any additional affirmative or other defenses as those defenses are ascertained.

**TWENTIETH DEFENSE**

All averments not heretofore admitted, denied, or otherwise explained are here and now denied as though set forth specifically and denied.

**WHEREFORE**, having fully responded to the averments contained in the Complaint, Defendants pray that they be dismissed from this action with all costs taxed to Plaintiffs. Failing dismissal, Defendants pray for a jury trial on all jury issues joined by the pleadings and for such further, general relief to which they are entitled.

**Respectfully submitted,**

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Nick C. Christiansen**
    **JEFF REED, #15000**
    **NICK C. CHRISTIANSEN, #30103**
    **JASON N. KING, #027749**
    16 Public Square North
    P.O. Box 884
    Murfreesboro, TN 37133
    (615) 893-5522
    jreed@mborolaw.com
    nchristiansen@mborolaw.com
    jking@mborolaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following via the District Court's electronic filing system and/or U.S. Mail, postage prepaid, to:

Kerry Knox
117 S. Academy Street
Murfreesboro, TN 37130
kek@castelliknox.com

Stella Yarbrough
Lucas Cameron Vaughn
Zee Scout
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
syarbrough@aclu-tn.org

this the 30th day of May, 2025.

                                                    **/s/ Nick C. Christiansen**
                                                  **NICK C. CHRISTIANSEN**