IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL ROE, et al., | ) |
| Plaintiff, | ) |
| | ) NO. 3:25-cv-00429 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| RUTHERFORD COUNTY BOARD OF EDUCATION et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is a "Motion for Protective Order and to Proceed under Pseudonym" (Doc. No. 6, "Motion"), filed by Plaintiffs, Rachel Roe, David Doe, and Claire Coe. Filed with the Motion is a proposed "Order Authorizing Individual Plaintiffs To Proceed Under Pseudonym And Granting Protective Order." (Doc. No. 6-1, "Protective Order"). Defendants, Rutherford County Board of Education and James Sullivan, have indicated in a notice (Doc. No. 16, "Notice") that Defendants do not oppose entry of the Protective Order.

For the reasons discussed herein, the Motion is well-taken and is **GRANTED** as unopposed, and the Court will enter Plaintiffs' Protective Order verbatim.

Background

On April 16, 2025, Plaintiffs filed a complaint (Doc. No. 1, "Complaint") in this Court. Plaintiffs allege that the removal of certain books by Defendants from Rutherford County public school libraries pursuant to Board Policy 4.403, Tenn. Code Ann. § 49-6-3803, and Tenn. Code Ann. §§ 39-17-901 *et seq.* violates Plaintiffs' rights under the First Amendment to the United States Constitution. (*See generally* Doc. No. 1).

Plaintiffs' Motion requests that this Court (1) "[e]nter an order (a) permitting Plaintiffs to proceed in this action under the pseudonyms Rachel Roe, David Doe, and Clair[e] Coe, (b) barring the disclosure of Plaintiffs' true names or other information that identifies Plaintiffs or Plaintiffs' family members, directly or indirectly, and (c) requiring that any documents containing such information be redacted or filed under seal;" and (2) "grant any other necessary or proper relief." (Doc. No. 6 at 2).

In support of these requests, Plaintiffs assert that "Plaintiffs are minors enrolled in schools operated by Rutherford County Board of Education," and "fear retaliation and negative attention if their identities are disclosed." (*Id.* at 2). Plaintiffs further assert that "Plaintiffs' privacy interests substantially outweigh the presumption of open judicial proceedings because Plaintiffs' status as minors exposes Plaintiffs and Plaintiffs' family to significant risks of substantial harm," and that "Plaintiffs have no objection to providing Plaintiffs' true names to Defendants if the Court enters a protective order barring further dissemination of Plaintiffs' true names and requiring that any documents containing Plaintiffs' true names or other information that would identify Plaintiffs directly or indirectly be redacted or filed under seal." (*Id.* at 2).

## Legal Standard

As a general matter, a complaint must name all parties. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In limited circumstances, however, the court may allow plaintiffs to proceed under a pseudonym. *See id.* However, the plaintiffs must show that their "privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* In determining whether plaintiffs have met this burden, courts in the Sixth Circuit may consider the following factors: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy;

(3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (internal quotation marks omitted). The *Porter* factors, as they have come to be known, are not exhaustive; courts can consider other relevant factors as put forth by the parties in determining whether a plaintiff should be allowed to proceed under a pseudonym in a pending lawsuit (and remain under that pseudonym after the resolution of the lawsuit because the permanent record of the suit continues to exist as a matter of public record). *Doe v. Metro. Gov't of Nashville & Davidson Cnty. Tennessee*, Civ. No. 3-21-CV-00038, 2022 WL 2293898, at *2 (M.D. Tenn. June 24, 2022) (explaining that the *Porter* factors are non-exhaustive).

Discussion

As the analysis below demonstrates, an application of the *Porter* factors supports granting Plaintiffs' Motion in this case.

1. <u>Whether the Plaintiffs Seeking Anonymity are Suing to Challenge Governmental Activity</u>

Here, Plaintiffs are suing to challenge government activity, namely the removal of certain books by Defendants from Rutherford County public school libraries. (*See generally* Doc. No. 1). Although, "in only a very few cases challenging governmental activity can anonymity be justified," *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981), the present case is exactly that kind of "constitutional" challenge to the "validity of governmental activity" where it is especially appropriate to allow plaintiffs to "proceed anonymously." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). *See also G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that this factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute"). Thus, this factor weighs in favor of granting Plaintiffs' Motion.

2. <u>Whether Prosecution of the Suit Will Compel the Plaintiffs to Disclose Information of the Utmost Intimacy</u>

With respect to the second factor, Plaintiffs have not made a showing that the prosecution of this suit will require Plaintiffs to disclose information of the utmost intimacy, and the Court, reviewing the record, cannot deduce any information of the utmost intimacy which Plaintiffs would be required to reveal. Thus, Plaintiffs have "not demonstrated that disclosing [their] identity would implicate [] matter[s] of the utmost intimacy." *Doe v. Byrd*, No. 1:18-CV-00084, 2019 WL 13546234, at *4 (M.D. Tenn. Dec. 17, 2019) (citing *De Angelis v. Nat'l Ent. Grp. LLC*, No. 2:17-CV-00924, 2019 WL 1071575, at *3 (S.D. Ohio Mar. 7, 2019)).

Accordingly, this factor weighs against granting Plaintiffs' Motion.

3. <u>Whether the Litigation Compels Plaintiffs to Disclose an Intention to Violate the Law</u>

With respect to the third factor, Plaintiffs have not alleged anywhere, and there is nothing about this case which would suggest, that Plaintiffs will be required to disclose an intention to violate the law. However, this is not the end of the analysis under this factor. In *Porter,* the Sixth Circuit suggested that if Plaintiffs have, "by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior," such opprobrium may weigh in favor of permitting anonymity under this factor. *Porter*, 370 F.3d at 560 (quoting *Stegall*, 653 F.2d at 186) (internal quotation marks omitted).

Although Plaintiffs have stated that they "fear retaliation and negative attention if their identities are disclosed," (Doc. No. 6 at 2), "generalized fears" are not sufficient to support Plaintiffs proceeding anonymously. *De Angelis*, 2019 WL 1071575, at *3. Indeed, other district courts have explicitly noted that plaintiffs putting forward "generalized notion[s]" that they "would be exposed to ridicule or harassment" if their identities were disclosed is not sufficient to support

those plaintiffs proceeding anonymously. *Doe v. Franklin Cnty., Ohio*, No. 2:13-CV-00503, 2013 WL 5311466, at *3 (S.D. Ohio Sept. 20, 2013).

Thus, since Plaintiffs have put forward nothing beyond generalized fears and notions of retaliation if their identities are disclosed, this factor weighs against proceeding anonymously.

4. <u>Whether the Plaintiffs are Children</u>

Turning to the fourth factor, this factor weighs in favor of allowing Plaintiffs to proceed anonymously. Here, as stated in Plaintiffs' Motion, all three Plaintiffs "are minors." (Doc. No. 6 at 2). As other district courts have noted, "'[p]laintiffs who are children are especially vulnerable and courts routinely grant them 'a heightened protection'' via grants of pseudonymity." *Doe v. BlueCross BlueShield of Illinois*, No. 2:25-CV-00608, 2025 WL 1648757, at *2 (S.D. Ohio June 11, 2025) (quoting *Doe v. Southfield Pub. Schs.*, No. 24-10760, 2024 WL 1526084, at *1 (E.D. Mich. Apr. 8, 2024)). Indeed, courts "routinely allow minors and their parents to proceed anonymously or under a pseudonym to protect the minor's identity." *Doe v. Reynoldsburg City Sch. Dist. Board of Educ.*, No. 2:25-CV-138, 2025 WL 1312279, at *2 (S.D. Ohio May 6, 2025).

Thus, this factor weighs strongly in favor of permitting Plaintiffs to proceed anonymously. *See e.g., Kaltenbach v. Hilliard City Sch.*, No. 2:23-CV-187, 2023 WL 3023020, at *2 (S.D. Ohio Apr. 20, 2023) (noting that "[a]ll told, the prospective individuals' status as minors is the most compelling factor in favor of allowing them to proceed anonymously.").

Therefore, two of the four *Porter* factors weigh in favor of granting Plaintiffs' Motion to proceed anonymously, and two of the *Porter* factors weigh against granting the Motion. Because "[c]ourts frequently grant protective orders to minors who challenge government conduct," *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021), and because of

"Defendants' non-opposition" to Plaintiffs' Motion at "this early stage in the litigation" *Kaltenbach*, 2023 WL 3023020, at *2, the Court will grant Plaintiffs' Motion.

Conclusion

For the reasons discussed above, Plaintiffs' Motion is **GRANTED** as both unopposed and substantively meritorious, and the Court separately will enter Plaintiffs' Protective Order verbatim.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE