# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| RACHEL ROE, *a minor, by and through her parent and next friend*, ROBERT ROE; DAVID DOE, *a minor, by and through his parent and next friend*, DANA DOE; CLAIRE COE, *a minor, by and through her parent and next friend*, CHARLES COE; and PEN AMERICA CENTER, INC., | |
| Plaintiffs, v. | Case No. |
| RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, *in his official capacity as Director of Rutherford County Schools*, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendants. | JURY DEMAND |

## ORDER AUTHORIZING INDIVIDUAL PLAINTIFFS TO PROCEED UNDER PSEUDONYM AND GRANTING PROTECTIVE ORDER

This matter came before the Court on RACHEL ROE'S, by and through her parent and next friend, ROBERT ROE; DAVID DOE'S, by and through his parent and next friend, DANA DOE; and CLAIRE COE'S, by and through her parent and next friend CHARLES COE ("individual plaintiffs") motion for permission to proceed in this action under the pseudonym and to enter a protective order barring the disclosure of Plaintiffs' true names or other information that identifies Plaintiffs or Plaintiffs' family members, directly or indirectly, and requiring that any documents containing such information be redacted or filed under seal.

Based on Plaintiffs' motion and the entire record in this case, the Court finds there is good cause to grant Plaintiff's motion and hereby ORDERS:

1. Plaintiffs may proceed in this action under the pseudonyms "Rachel Roe," "Robert "David Doe," and "Claire Coe."

2. Plaintiffs' counsel shall disclose Plaintiffs' true names and, to the extent otherwise discoverable under the Federal Rules of Civil Procedure, other Identifying Information, upon request to Defendants' counsel.

3. All publicly filed documents shall identify Plaintiffs only by Plaintiffs' pseudonyms.

4. All documents filed with the Court that contain Plaintiffs' names or information that identifies Plaintiffs or Plaintiffs' family members, directly or indirectly ("Identifying Information"), shall be redacted or filed under seal

5. Defendants' counsel may disclose Identifying Information to Defendants, Defendants' employees, and experts retained in this action, but only to the minimum extent necessary to litigate this action.

6. Individuals to whom Identifying Information is disclosed shall not further disclose that information to any other person without first obtaining confirmation from Defendants' counsel that such disclosure is necessary to litigate this action.

7. Under no circumstances shall any person disclose Identifying Information to the media without the express written consent of Plaintiff's counsel.

8. Before disclosing Identifying Information to any person for purposes of litigating this action, Defendants' counsel shall give that person a copy of this order, require that person to read this order, specifically point out to that person the provisions of section 6 and 7 of this order, and specifically warn that person that violation of this order may result in sanctions for contempt of court.

9. If any specific issues related to non-disclosure of Identifying Information arise during the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE