# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| RACHEL ROE, a minor, by and through her parent and next friend, ROBERT ROE; DAVID DOE, a minor, by and through his parent and next friend, DANA DOE; CLAIRE COE, a minor, by and through her parent and next friend, CHARLES COE; and PEN AMERICAN CENTER, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 3:25-cv-00429 |
| RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, in his official capacity as Director of Rutherford County Schools, | ) ) ) ) ) | JUDGE RICHARDSON MAGISTRATE EVANS |
| Defendants. | ) | |

---

## DEFENDANTS' EXPEDITED MOTION FOR PROTECTIVE ORDER

---

COME NOW Defendants, Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools, by and through counsel, pursuant to Fed R. Civ. P. 26(b)(2)(C)(iii) and (c), and file this Expedited Motion for Protective Order. In support of this Motion, Defendants rely upon their Memorandum of Law in Support of Defendants' Expedited Motion for Protective Order filed contemporaneously herewith.

Plaintiffs have sought discovery from the members of the Rutherford County Board of Education (the "Board Members") and the Director of Rutherford County Schools, Dr. James Sullivan, through interrogatories and requests for production of documents. The Board Members themselves are not party to this case. Nevertheless, certain discovery requests directed to the Defendant Board of Education sought information and records possessed by the individual Board

1

Members.  Defendants objected to the portion of the discovery requests based upon legislative privilege.  The disputed discovery issues were outlined in abbreviated form in the parties' Joint Motion for Discovery Conference, filed February 12, 2026, and the same are presently pending before the Court.  [Doc 61].

Also on February 18, 2026, Plaintiffs served Defendants with six Notices of Deposition to depose five Board Members as well as Dr. Sullivan (the "Deposition Notices").  Later that same day, the Court granted the parties' request for Discovery Conference and scheduled the same by telephone conference to take place on February 20, 2026 at 10:00 a.m. CDT with Magistrate Evans. [Doc 63].  The deposition Notices were as follows:

<u>The Deposition Notices</u>[1]

- March 2, 2026, **Dr. James Sullivan** at 9:30 a.m. (ET) Location: 22 ONE, 1221 Broadway, Nashville, TN 37203
- March 3, 2026, **Caleb Tidwell** at 9:30 a.m. (ET) Location:  22 ONE, 1221 Broadway, Nashville, TN 37203
- March 4, 2026, **Butch Vaughn**  at 9:30 a.m. (ET) Location:  22 ONE, 1221 Broadway, Nashville, TN 37203
- March 11, 2026, **Frances Rosales**  at 9:30 a.m. (ET) Location:  22 ONE, 1221 Broadway, Nashville, TN 37203
- March 12, 2026, **Claire Maxwell**  at 9:30 a.m. (ET) Location:  22 ONE, 1221 Broadway, Nashville, TN 37203
- March 13, 2026, **Stan Vaught** at 9:30 a.m. (ET) Location:  22 ONE, 1221 Broadway, Nashville, TN 37203

The Deposition Notices were propounded without prior consultation with defense counsel as to when or where the depositions would take place.  Further, less than two weeks' notice was provided with respect to the Sullivan, Tidwell, and Vaughn depositions.

The legislative privilege would directly impact the scope of questioning at these depositions.  The discovery dispute taken up by the Court for the upcoming Discovery Conference "…involves Defendants' assertion of the legislative privilege to withhold the production of

---

[1] The Deposition Notices are filed as collective Exhibit "A" attached hereto.

2

documents and expected deposition testimony about the motivations of members of the Rutherford County Board of Education in the book removals at issue in this litigation." [Doc 61; PageID#606].

As explained in the accompanying Memorandum of Law, the legislative privilege applies squarely to the claims and discovery at issue in this case. The challenged decisions—following public input, debate over evaluation standards, district-wide votes on materials, and the formation of an advisory committees—reflect discretionary, forward-looking policymaking that bears "all the hallmarks of traditional legislation." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998); *see also Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, at *2 (N.D. Fla. Sept. 24, 2024); *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 2021 WL 5882653, at *5–6 (M.D. Tenn. Dec. 13, 2021). Plaintiffs' interrogatories, document requests, and anticipated deposition questioning seek precisely what the privilege protects: the Board Members' motivations, mental impressions, deliberations, and internal evaluative processes. Legislative privilege extends beyond the act of voting and encompasses information-gathering, deliberation, and weighing of sources undertaken in connection with legislative decision-making. *League of United Latin Am. Citizens v. Abbott*, 708 F. Supp. 3d 870, 877–82 (W.D. Tex. 2023); *Pittsfield Dev., LLC v. City of Chicago*, 2019 WL 13170617, at *3 (N.D. Ill. Nov. 12, 2019).

Because the discovery sought directly targets privileged legislative deliberations and motivations, it falls outside the scope of permissible discovery under Rule 26(b)(1). Privileged matters are not discoverable. Fed. R. Civ. P. 26(b)(1). "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

3

Independent of the merits of the legislative privilege, the timing of the Deposition Notices renders them procedurally improper and unduly prejudicial. At the time Plaintiffs served the Deposition Notices, a discovery dispute concerning the scope of legislative privilege was already pending before the Court. The parties had filed a Joint Motion for Discovery Conference outlining the privilege issues, and the Court subsequently scheduled a conference to address those matters. [Doc. 61; Doc. 63]. Plaintiffs nevertheless noticed the depositions of five Board Members and the Director of Schools before the Court has had an opportunity to resolve the threshold privilege dispute that will directly define the permissible scope of questioning.

Proceeding with depositions under these circumstances would create unnecessary inefficiency, risk inconsistent rulings, and potentially require re-opening depositions depending upon the Court's determination of the privilege scope. Such sequencing would impose avoidable burden and expense on the parties and the deponents. Courts routinely exercise their authority under Rule 26(c) and 26(b)(2)(C) to regulate the timing and sequencing of discovery where threshold legal issues remain pending. Here, basic fairness and orderly case management favor resolving the privilege dispute before compelling high-level officials to sit for depositions that may ultimately be limited or substantially curtailed.

Moreover, Plaintiffs have moved to compel Defendants to respond to Interrogatory Nos. 3, 4, 5, 9, 10, 11, and 12, produce information relevant to RFP Nos. 1, 2, 3, 4, and 6—which seek information regarding Defendants' motivations and decision-making processes leading to the Book Removals—and to answer deposition questions on those same topics on the ground that the legislative privilege does not apply. [Doc. 61; PageID#607]. These are precisely the subjects Plaintiffs are expected to explore in the noticed depositions. Even if the Court were to grant Plaintiffs' motion to compel in whole or in part, Defendants would not have sufficient time to

4

comply with any resulting order prior to the scheduled deposition dates. Compliance would necessarily require additional document review, potential privilege determinations, and supplemental responses, all under compressed time constraints and before the privilege issue has been fully adjudicated. This is especially true given the time required for discovery motion briefing following the scheduled discovery conference, as required by Section G of the case management order. [Doc. 27; PageID#s 316–317].

In conclusion, the Board Members and Director of Schools are entitled to a protective order forbidding inquiry into matters subject to the legislative privilege, including their motivations for decisions regarding the removal or restriction of books challenged by Plaintiffs in this case. Fed. R. Civ. P. 26(c). As set forth more fully in the accompanying Memorandum of Law, incorporated herein by reference, the legislative privilege applies and shields them from Plaintiffs' discovery requests. Accordingly, the requested protective order is warranted not only to preserve the protections afforded by that privilege, but also to ensure orderly and efficient discovery consistent with the Court's case management authority.

WHEREFORE, Defendants respectfully request an order:

(i)     Relieving Defendants and the deponents identified by the Deposition Notices of any obligation to attend the depositions at the dates, times, and place described therein; and

(ii)    Deferring the deponents' depositions until the Court has resolved the scope of the legislative privilege and any related discovery disputes, including Plaintiffs' pending Motion to Compel made in the parties' Joint Motion for Discovery Conference [Doc 61] and determining that Defendants are not required to respond

5

to interrogatories, requests for production, or other discovery seeking information within the scope of the legislative privilege; and

(iii) Including in the Discovery Conference the discussion of extending the fact discovery deadline, which is currently set for March 31, 2026, until the Court has resolved the scope of that privilege and any related discovery disputes, to ensure orderly and efficient case management.

Defendants further pray for such other, further, and additional relief as the Court deems just and proper.

Respectfully submitted,

HUDSON, REED & CHRISTIANSEN, PLLC

By: /s/ Nick C. Christiansen
      JEFF REED, #15000
      NICK C. CHRISTIANSEN, #30103
      JASON N. KING, #027749
      16 Public Square North
      P.O. Box 884
      Murfreesboro, TN  37133
      (615) 893-5522
      jreed@mborolaw.com
      nchristiansen@mborolaw.com
      jking@mborolaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on February 19, 2026 a true and correct copy of the foregoing Defendants' Expedited Motion for Protective Order was served on all parties receiving notice via the District Court's electronic filing system.

| | |
|---|---|
| **Anand Agneshwar**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Amand.Agneshwar@arnoldporter.com | **Lucas Cameron – Vaughn**<br>ACLU<br>PO Box 120160<br>Nashville, TN 37212<br>lucas@aclu-tn.org |
| **Dori Ann Hanswirth**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Dori.Hanswirth@arnoldporter.com | **Theresa House**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Theresa.House@arnoldporter.com |
| **Kerry E. Knox**<br>Castelli & Knox, LLP<br>117 S Academy Street<br>Murfreesboro, TN 37130<br>kek@castelliknox.com | **Zee Scout**<br>ACLU of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>zscout@aclu-tn.org |
| **Leah Novak**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Leah.Novak@arnoldporter.com | **Zoe Rachael Staum**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Zoe.Staum@arnoldporter.com |

**s/Nick C. Christiansen**
**Nick C. Christiansen**

7