**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | |
|---|---|
| RACHEL ROE, et al., | |
| Plaintiffs, | Case No. 3:25-cv-00429 |
| v. | Judge Eli Richardson |
| | Magistrate Judge Luke A. Evans |
| RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, | |
| Defendants. | JURY DEMAND |

## AGREED PROTECTIVE ORDER

It appears to the Court that Plaintiffs have requested certain documents from Defendants that contain confidential information.

In accordance with Federal Rule of Civil Procedure 26(c), it further appears to the Court that the Parties agree that certain documents, written materials, and other information shall be provided by Defendants to Plaintiffs through discovery, subject to the following conditions:

1. This Protective Order shall apply only to those documents which are designated as Confidential.

2. Defendants may designate as Confidential the following categories of documents and information:

    a. Any document, written material, and other information that Defendants in good faith deem to contain sensitive information that implicates state and federal privacy laws, including student records; and

    b. Any document, written material, and other information that Defendants

in good faith deem relate to the identities of librarians and media arts specialists or any library materials review committee member.

3. To designate documents as Confidential, documents shall be produced to Plaintiffs with a "Confidential" stamp.

4. Use of any Confidential documents, and the information contained therein, is limited solely to this litigation.

5. Plaintiffs and Plaintiffs' counsel will not disclose any Confidential documents or information to any person not a party to this litigation without Defendants' permission. Such parties are limited to:

   a. The Parties herein;

   b. Their respective counsel, including legal assistants or other regular law firm employees working under counsel's supervision;

   c. Persons employed by or assisting counsel in preparation for, or at, the trial of this action, including experts with which counsel may consult and other trial consulting personnel;

   d. Document handling and reproduction firms engaged in relation to this action;

   e. The Court, jury, and court personnel;

   f. Court reporters, stenographers, and videographers retained to record testimony taken in this action;

   g. Deponents, provided that such disclosure only occurs during the deponent's deposition;

   h. Any mediator assigned to hear this matter, and related staff; and

i. Any other persons, as agreed to in writing between the Parties, or as otherwise ordered by the Court.

6. If a Party wishes to include, refer to, or place information deemed Confidential in any motion or other document filed with or submitted to the Court, the Party shall comply with Local Rule 5.03 regarding the process for sealing materials.

7. If the substance of a Confidential document has been made public, the document and information may be used outside of this litigation, unless such information was made public because of a violation of this Protective Order.

8. Plaintiffs may challenge a Confidential designation by Motion if deemed to not contain Confidential information as described herein.

9. Except as provided above, this Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from the Parties agreeing to modify this Protective Order, subject to the approval of the Court.

10. All documents and written information designated as Confidential and produced to the Plaintiffs, as well as any photocopies thereof, shall be destroyed or returned to Defendants' counsel upon the conclusion of this litigation.

**IT IS SO ORDERED** on this __25th__ day of February, 2026.

_____
**U.S. MAGISTRATE JUDGE LUKE A. EVANS**