# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| RACHEL ROE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, <br><br> Defendants. | Case No. 3:25-cv-00429 <br> Judge Eli Richardson <br> Magistrate Judge Alistair Newbern <br><br><br> JURY DEMAND |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff serves this First Set of Interrogatories and Requests for Documents on Defendants. Defendants' answers and any supplements to these Interrogatories are to be made in accordance with the Federal Rules of Civil Procedure. Plaintiffs reserve the right to serve additional interrogatories, as needed and as permitted by Rule 33 or the Court at a later date. These requests should be read, interpreted, and responded to in accordance with the instructions and definitions set forth below, as well as in the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Tennessee.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are incorporated by reference whenever applicable in this document.

1. In answering these interrogatories and requests for production of documents, you are requested to make a diligent search of your records and other papers and materials in your possession or which are otherwise available to you.

2. Each interrogatory request for production of documents is a continuing one. If, after serving a response to any interrogatory or request, you obtain or become aware of any further information pertaining to such interrogatory or document request, you are required to serve amended

1

responses setting forth such information.

3. If you interpose any objection to any interrogatory or document request, fully state the grounds of your objection and the legal authority upon which you will rely in response to a motion to compel in your answer to the interrogatory.

4. Each interrogatory and document request covers, without limitation, all responsive information and documents that are within your possession, custody, or control, or are otherwise available to you, as well as all responsive information and documents in the possession, custody, or control of, or otherwise available to, your accountants, agents, attorneys, consultants, employees, experts, investigators, representatives, servants, or other persons or entities acting or purporting to act on your behalf.

5. The terms "you," "your," or "defendant," as used herein, shall mean Defendants, including each individual board member of the Rutherford County Board of Education, their servants, agents, employees, representatives, divisions, attorneys, and anyone acting on its behalf.

6. The term "person" or "persons" as used herein, shall include any natural person, partnership, firm, corporation, trust association, joint venture, public entity, business organization, or other legal entity.

7. The term "document," or "documents" as used herein, mean the original or a copy of any kind of written, typewritten, printed or recorded material whatsoever, including, but not limited to sales receipts, invoices, order slips, notes, memoranda, letters, diaries, calendars, articles, telegram or other correspondence, worksheets, recordings, studies, analyses, opinions, books, reports, transcriptions of recordings, information retrievable from computers, pictures, drawings, photographs or other graphic representations, and any other physical means of communication, including tape recordings and magnetic tape. The term specifically includes any drafts, whether or not used, of the foregoing and any altered or annotated copies of the foregoing.

8. The term "document" as used here further includes all email, or other electronic correspondence and communications, including social media posts and messages, and communications sent to and from the official and/or private email accounts of Defendants, their agents, employees, representatives, servants, attorneys or anyone acting on their behalf. It also includes all archived electronic communications.

9. The term "complaint" as used herein shall mean the complaint filed in this action.

10. The term "relevant time period," as used herein, covers, unless otherwise stated, July 1, 2023 to the date the original complaint was filed to the time of trial. Each request, whether expressed in the present tense or otherwise, refers to the entire period unless otherwise specified in the request. If changes have been made to documents or they have been superseded by other documents, produce all versions of the documents which are responsive for this time period.

11. The term "concerning" as used herein, shall mean relating to, referring to, describing, evidencing or constituting.

12. The term "relevant document" as used herein, means each document which directly or indirectly constitutes, comments on, discusses, refers to, relates to, or contains information concerning the designated subject.

13. The terms "relate" or "relating to" are to be used in their broadest sense and shall mean to refer to, discuss, involve, reflect, deal with, consist of, represent, comprise, constitute, emanate from, be directed at, or in any way to pertain, in whole or in part, to the subject.

14. The term "communications" as used herein, means any transmission of thoughts, opinions, or information by speech, writing or signs.

15. The term "identify" or "identification" means, when used in reference to:

**A natural person:**

     a. Full name;
     b. Present or last known residence and business address (including street name and number, city or town, and state or country) and telephone number;
     c. Present position, business affiliation, and job description (if the present business or residence address or present position, business affiliation, or job description are unknown, such a statement and the corresponding last known such information);
     d. Position, business affiliation, and job description at the time in question, with respect to the Request or other request involved.

**A document:**

     a. Its description (e.g., letter, memorandum, report, etc);
     b. Its title, date, and the number of pages thereof;
     c. Its subject matter;
     d. Its author's identity;
     e. Its addressee's identity;
     f. The identity of each person who signed it;
     g. The identity of each person who received it;
     h. Its present location and its custodian's identity (if such document was, but is no longer, in the possession of or subject to control of the Defendant, such a statement and the manner and date of the deposition made thereof).

**An oral communication:**

     a. Its date and the place where it occurred;
     b. Its substance;
     c. The identity of each person to whom such communication was made, and each person who was present when such communication was made.

**Any other context**:

3

a.   A description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities and documents;

b.   When used as a part of a request for facts to support a particular allegation or contention, it includes identification of documents produced by others as part of the discovery process, experts' reports, and applicable portions of deposition transcripts, identification of oral communications, any and all other forms of recorded facts, whether or not you have finally decided on its use at trial.

16.   If any document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, you must provide a written statement specifically setting forth:

a.   The identity of the person(s) who prepared the document, who signed it,   and over whose name it was sent or issued;

b.   The identity of the person(s) to whom the document was directed;

c.   The nature and substance of the documents with sufficient  particularity to enable the Court and parties thereto to identify the document;

d.   The date of the document;

e.   The identity of the person(s) who has (have) custody of, or control  over, the documents and each copy thereof;

f.   The identity of each person to whom copies of the documents were furnished;

g.   The number of pages;

h.   The basis on which any privilege or other protection is claimed;     and

i.   Whether any non-privileged or non-protected matter is included in document.

17.   Wherever possible, documents maintained in an electronic format should be produced in their original electronic format.

18.   Each document produced shall be specifically labeled and identified with the specific request made herein and shall be produced in a form that renders the document susceptible to copying.

19.   Please answer each interrogatory. If you cannot answer an interrogatory in full, please answer to the extent possible, explain why you cannot answer the remainder, and state the nature of the information and knowledge that you cannot furnish.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all individuals who assisted or participated in answering or responding to these

4

Interrogatories. For each such individual, please include their name, job title, employer, business address, and business telephone number.

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:**

Identify the student demographics of each public school in Rutherford County schools, including, to the extent available and using the most recent available data where applicable, the number of students in each school, enrollment by race, enrollment by gender, and number of students age 18 or older in the District as of the last day of instruction of the 2024-2025 school year. If data are not available by school, please identify the data District-wide or as it is maintained in the normal course of business.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:**

Identify all book review sources considered by Defendants to evaluate books currently in circulation in the Rutherford County schools' libraries, including the name of the book review source, whether the Board considered the source, identification of all documents or analysis from each book review source considered by Defendants, description of how Defendants determined which book review sources to use, and a brief description of why Defendants chose to use each book review source.

**RESPONSE TO INTERROGATORY NO. 3**

**INTERROGATORY NO. 4:**

Identify when each book identified on the webpage "Removed Library Materials (as per Policy 4.403) – Academics – Rutherford County Schools," available at

5

https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=525032&type=d&pREC_ID=2636708 (and identified in footnote 3 in the Complaint) was removed from Defendants' libraries or otherwise made unavailable for some or all students to check out, including the date on which each book was removed from Defendants' libraries, who removed the book, where the removed books were discarded or otherwise stored following their removal, all reasons for the removal of each book and whether the District still has possession of the removed books.

**RESPONSE TO INTERROGATORY NO. 4:**

**INTERROGATORY NO. 5:**

Describe the process and criteria used by the Defendants to evaluate whether books should be removed from Defendants' school library collection, including the applicable policies, protocols, procedures, or guidelines, and all individuals involved in determining whether books should be removed, in effect from July 1, 2023, to present.

**RESPONSE TO INTERROGATORY NO. 5:**

**INTERROGATORY NO. 6.**

With respect to each person you anticipate calling as an expert witness at trial, please state:

(a)    the name, current business and residential address and telephone numbers;

(b)    the subject matter of said expert witness testimony;

(c)    the substance of the facts and opinions to which the expert is expected to testify; and

(d)    a summary of the grounds for each opinion.

**RESPONSE TO INTERROGATORY NO. 6:**

**INTERROGATORY NO. 7.**

6

Identify each librarian and media arts specialist hired and/or tasked to review the books identified in the webpage "Removed Library Materials (as per Policy 4.403) – Academics – Rutherford County Schools" listed above (and in footnote 3 of the Complaint), including which book(s) each librarian and/or media arts specialist reviewed, the date of the review, who assigned each the book(s) to each librarian and/or media arts specialist, and the recommendation of each book reviewed by such librarian and/or media arts specialist.

**RESPONSE TO INTERROGATORY NO. 7:**

**INTERROGATORY NO. 8.**

State whether Defendants followed the recommendations of the librarians and/or media arts specialists for each response identified in Interrogatory 7. If Defendants did not follow such recommendations, state why Defendants did not follow such recommendations.

**RESPONSE TO INTERROGATORY NO. 8:**

**INTERROGATORY NO. 9.**

Identify the "reviews" Stan Vaught reviewed, as alleged in Paragraph 28 of the Complaint, including the name of the reviewer and the source Mr. Vaught used to access the "reviews."

**RESPONSE TO INTERROGATORY NO. 9:**

**INTERROGATORY NO. 10.**

Identify with specificity what law Defendants are referring to as "applicable law" in Paragraphs 14, 30, 31, 43, 44, and 53 of the Answer.

**RESPONSE TO INTERROGATORY NO. 10:**

7

**INTERROGATORY NO. 11.**

Identify how Frances Rosales determined to request the removal of 150 books, as alleged in Paragraph 32 of the Complaint, including the process she used, whether she read each such book, and the input that she received from any other person or entity, including the identity of each such person or entity.

**RESPONSE TO INTERROGATORY NO. 11:**

**INTERROGATORY NO. 12.**

For each member of the Board of Education, identify which books listed on the webpage "Removed Library Materials (as per Policy 4.403) – Academics – Rutherford County Schools" listed above (and in footnote 3 of the Complaint) each such member has read, including whether the book was read in whole, or if any member read only passages of such book, identify the passages read by such member.

**RESPONSE TO INTERROGATORY NO. 12:**

**INTERROGATORY NO. 13.**

Identify the "administrative remedies" Plaintiffs failed to follow, as alleged in the Third Defense of your Answer.

**RESPONSE TO INTERROGATORY NO. 13:**

**INTERROGATORY NO. 14.**

Identify the factual basis for each of your affirmative defenses.

**RESPONSE TO INTERROGATORY NO. 14.**

8

<b><u>REQUESTS FOR PRODUCTION</u></b>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the Defendants' possession, custody, or control discussing or evaluating the removed books, the authors of the removed books, or any books the Defendants considered for removal from July 1, 2023, to the present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>**


**<u>REQUEST FOR PRODUCTION NO. 2:</u>**

Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) with or among members of the Board of Education related to the removal of books including, but not limited to, any evaluation of the removed books, development of library protocols, and communications about book reviews.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>**


**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the possession, custody, or control of the Defendants related to or discussing book reviews and bookreviewsrc.com and any of its content.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>**

9

**REQUEST FOR PRODUCTION NO. 4:**

Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the possession, custody, or control of the Defendants related to or requesting the removal of books in Defendants' libraries including, but not limited to, the removed books identified on the webpage [Removed Library Materials (as per Policy 4.403) – Academics – Rutherford County Schools](#).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy of the Defendants' library book catalog.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the possession, custody, or control of the Defendants reflecting or related to the Defendants' library collection curation policies, including Policy 4.403 and its prior versions, in effect from July 1, 2023, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6.**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications from members of the public or any third party to the Defendants related to the removed books or the authors of the removed books, including book review forms completed by members of the public.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents and communications in the possession, custody, or control of the Defendants related to the Defendants' discussion or consideration of LGBTQ+ issues including LGBTQ+ history, LGBTQ+ rights, Pride Month, gender identity, or treatment of students who identify as LGBTQ+ individuals, from July 1, 2023, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents and communications in the possession, custody, or control of the Defendants related to the Defendants' discussion or consideration of race, including Black history, civil rights, Black History Month, DEI policies, or treatment of students who identify as non-White, from July 1, 2023, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other non-privileged communications (whether formal or informal) in the possession, custody, or control of the Defendants related to book removal policies, book removal decisions, or legal challenges to book removal decisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents and communications reviewed, referred to, identified, or otherwise relied on in responding to Plaintiffs' interrogatories.

11

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11:</u>**

**<u>REQUEST FOR PRODUCTION NO. 12:</u>**

Produce all documents and tangible things that constitute or contain matters relevant to this action or are material evidence or contain any matter or information that is reasonably calculated to lead to the discovery of material evidence, including, but not limited to, documents you have identified in response to discovery requests or referred to or examined by you in preparing your responses.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>**

**<u>REQUEST FOR PRODUCTION NO. 13:</u>**

Produce all documents of any kind or form whatsoever relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to:

a.  each expert's factual observation and opinions;
b.  the subject matter on which each expert was consulted;
c.  a summary of grounds of each opinion;
d.  all documents prepared by, provided to, relied upon, or reviewed by any such expert;
e.  all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence;
f.  documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and
g.  a resume or curriculum vitae or other documents summarizing each expert's qualifications within the field or discipline or area in which such expert was consulted.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12:</u>**

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

Case 3:25-cv-00429, Document 71-1, Filed 03/06/26, Page 13 of 14 PageID #818

other authoritative materials reviewed by any expert who will testify at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Respectfully submitted,

/s/ Kerry Knox
KERRY KNOX, BPR #23302
117 S. Academy Street
Murfreesboro, TN 37130
(615) 896-1000
(615) 896-1027 (facsimile)
kek@castelliknox.com

/s/ Stella Yarbrough
Stella Yarbrough, BPR # 033637
Lucas Cameron Vaughn BPR#
Zee Scout BPR #
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
Syarbrough@aclu-tn.org

## CERTIFICATE OF SERVICE

I certify that I electronically filed and served the foregoing by email upon all counsel of record, including Jeff Reed, Nick C. Christensen, Jason N. King, this 7th day of August, 2025.

/s/ Stella Yarbrough