# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| RACHEL ROE, a minor, by and through her parent and next friend, ROBERT ROE; DAVID DOE, a minor, by and through his parent and next friend, DANA DOE; CLAIRE COE, a minor, by and through her parent and next friend, CHARLES COE; and PEN AMERICAN CENTER, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 3:25-cv-00429 |
| RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, in his official capacity as Director of Rutherford County Schools, | ) ) ) ) ) | JUDGE RICHARDSON MAGISTRATE EVANS |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND/OR SUPPLEMENTAL BRIEFING IN SUPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DE 31) AND MEMORANDUM OF LAW (DE 32)**

COME NOW Defendants Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools (collectively, "Defendants"), by and through undersigned counsel, and respectfully move this Court for leave to file supplemental authority and, to the extent necessary, supplemental briefing in support of their Motion for Judgment on the Pleadings (DE 31) and Memorandum of Law (DE 32). This request is based on significant developments that occurred after the completion of briefing—namely, (i) the issuance of *Parnell v. School Board of Escambia County, Florida*, 802 F. Supp. 3d 1361 (N.D. Fla. 2025), attached hereto as Exhibit "A."; and (ii) the Court's November 17, 2025 Memorandum Opinion

1

denying Plaintiffs' request for a preliminary injunction. Courts possess inherent authority to permit the submission of supplemental authority where it will assist in the resolution of a pending motion. *See, e.g.*, Fed. R. Civ. P. 1 (directing the just, speedy, and inexpensive determination of actions). Such supplementation is routinely permitted where, as here, intervening developments—including newly issued case law and this Court's own analysis of the claims at issue—bear directly on the dispositive issues before the Court.

In support, Defendants would show as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiffs initiated this action on April 16, 2025, asserting First Amendment claims under 42 U.S.C. § 1983 arising from the removal or restriction of certain materials from Rutherford County Schools' libraries.

2. On August 8, 2025, Defendants filed their Motion for Judgment on the Pleadings and supporting Memorandum of Law (DE 31, 32), demonstrating that Plaintiffs fail to state a claim as a matter of law because: (1) Plaintiffs cannot invoke a First Amendment right to receive information to challenge books removed from school libraries; (2) Defendants' removal of the challenged books is protected by the government-speech doctrine; and (3) in the alternative, Plaintiffs' Complaint fails to state a claim for viewpoint discrimination.

3. Plaintiffs filed their Response (DE 37), and Defendants filed their Reply (DE 41), after which the Motion became ripe.

4. After briefing on Defendants' Motion for Judgment on the Pleadings concluded, two significant developments occurred that bear directly on the issues before the Court. First, on November 17, 2025, this Court issued its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction (Doc. No. 45). Second, the United States District Court for the Northern

2

District of Florida issued its decision in *Parnell v. School Board of Escambia County, Florida*, 802 F. Supp. 3d 1361 (N.D. Fla. 2025), attached hereto as Exhibit "A."

5.      Because both this Court's Memorandum Opinion and the *Parnell* decision were issued after Defendants' Motion was fully briefed, Defendants could not have addressed these authorities in their original filings. Pursuant to this Court's inherent authority to manage its docket, supplementation is not only appropriate but warranted where intervening judicial decisions— particularly this Court's own merits analysis of Plaintiffs' claims—directly undermine the legal sufficiency of those claims and will materially aid the Court in resolving the pending dispositive motion.

<u>**LAW AND ARGUMENT**</u>

**I.      *Parnell v. School Board of Escambia County* Further Confirms the Legal Deficiencies in Plaintiffs' Claims**

For purposes of a merits ruling, the *Parnell* decision presents materially indistinguishable facts and legal claims from those at issue in this case. There, as here, plaintiffs asserted that a school board's removal of a book from school libraries violated a student's alleged First Amendment "right to receive information" and the authors' First Amendment rights based on alleged viewpoint discrimination. *Parnell*, 802 F. Supp. 3d at 1364. The court unequivocally rejected both theories and entered judgment in favor of the school board. *Id.* at 1363. Specifically, the *Parnell* Court dismissed the plaintiffs' claims on the merits and held that a school board's decision to remove books from its libraries does not implicate any First Amendment right to receive information and that authors possess no First Amendment right to have their books included in a school library collection. *Id.* at 1365.  The *Parnell* Court reasoned as follows:

> If book curation is government speech, the board wins on the merits because the First Amendment would not reach its speech. *See Johanns*, 544 U.S. at 553, 125 S.Ct. 2055. And even if book curation is *not* government speech,

> the board still wins on the merits: when the government decides which books to choose, it is not creating a forum for others to speak, and it is not otherwise implicating Plaintiffs' First Amendment rights. Either way, the First Amendment offers Plaintiffs no protection, and the board is entitled to summary judgment.

*Id.* at 1367-68.

The court further made clear that, even where removal decisions are alleged to be based on disagreement with a book's content or viewpoint, such allegations do not give rise to a constitutional violation because the First Amendment does not constrain the government's own expressive choices. In so holding, *Parnell* aligns with and reinforces the modern and growing body of authority[1] recognizing that library curation decisions fall squarely within the discretionary authority of governmental entities and are not subject to constitutional challenge. Accordingly, *Parnell* does not merely support Defendants' arguments—it squarely forecloses the core legal theories advanced by Plaintiffs in this case and confirms that Defendants are entitled to judgment as a matter of law.

Because *Parnell* addresses the same claims, legal theories, and constitutional framework presented here—and does so in a thorough and well-reasoned opinion—its consideration will materially aid the Court in resolving Defendants' pending Motion. Allowing supplementation will

---

[1] The *Parnell* Court cited with approval the Fifth Circuit opinion in *Little v. Llano County*, 138 F.4th 834 (5th Cir. 2025):

> The board's lead argument is that school library curation does not implicate any students' or authors' First Amendment rights at all. Thus, the argument continues, even if the board removed a book based on its viewpoint, the removal would not be unlawful. I agree, and that is enough to resolve this case. I conclude, as the *en banc* Fifth Circuit recently did, that a public library's removal of books does not implicate the First Amendment right to receive information. *Little v. Llano County*, 138 F.4th 834, 850 (5th Cir.) (en banc), *cert. pending*, No. 25-284 (2025). Nor does it implicate any author's First Amendment rights.

*Id.* at 1365.

4

promote judicial efficiency and ensure that the Court has the benefit of the most recent and directly applicable authority before ruling.[2]

Finally, Plaintiffs' reliance in their Response (DE 37, PageID # 459) on *ACLU of Florida, Inc. v. Miami-Dade County School Board ("ACLU")*, 557 F.3d 1177 (11th Cir. 2009), is likewise misplaced and further underscores the significance of the *Parnell* decision. As Plaintiffs note, the Eleventh Circuit in *ACLU* acknowledged that *Board of Education v. Pico*, 457 U.S. 853 (1982), lacks binding precedential force. (Response, DE 37, PageID # 459). Plaintiffs nonetheless suggest that *ACLU* not only applied, but also adopted, a *Pico*-based framework[3] and that the Court in *ACLU* "rejected the school board's arguments that the more deferential *Hazelwood* standard or the government speech doctrine should apply."[4] (*Id.*). However, as the *Parnell* Court correctly explained:

---

[2] Following the District Court's opinion in *Parnell*, the plaintiffs appealed to the Eleventh Circuit Court of Appeals. *See Peter Parnell, et al. v. School Board of Escambia County, Florida*, United States Court of Appeals for the Eleventh Circuit, Case No. 25-13485. It does not appear that a date for oral argument has been set.

[3] Plaintiffs misconstrue *ACLU* in its attempt to rescue *Pico*. Expressly recognizing the precedential weakness of *Pico*, *ACLU* merely <u>assumed</u> for the purposes of the opinion, but did not conclude, that a *Pico* anti-orthodoxy principle applied. See *ACLU* at 1202 ("Even assuming that standard applies…"); *Id.* at 1204 ("…under the *Pico* plurality standard we are assuming applies…"; *Id.* at 1205 ("Under the standard that we are assuming applies in this case, the School Board's motive in removing *Vamos a Cuba* is a constitutional fact…"); *Id.* at 1206 ("By contrast, under the assumptions about the law that we have made for purposes of deciding this case, we must determine the "why" facts."); *Id.* at 1207 ("Our review of the record leads us to the conclusion that under the *Pico* standard we are assuming applies, the Board members did not "remove books from school library shelves simply because they dislike[d] the ideas contained in those books and [sought] by their removal to prescribe what shall be orthodox in politics ... or other matters of opinion.") (quoting, *Pico* at 872); *Id.*at 1220 ("We are assuming that the *Pico* plurality's legal standard applies."); *Id.* at 1226 ("Although *Zykan* was decided before *Pico,* its conclusions regarding the authority of school boards to make choices about educational suitability remain undisturbed by the *Pico* plurality rule, which we are assuming applies for purposes of deciding this case."); *Id.*at 1227 ("In this case the real issue for the federal courts, under the assumption of law that we have made, is not the educational suitability of *Vamos a Cuba*. It is whether the Board's decision to remove the book from school library shelves was motivated by its inaccuracies concerning life in Cuba or by a desire to promote political orthodoxy and by opposition to the viewpoint of the book. We find from the evidence in this record, including the School Board majority's consistent statements that it was removing *Vamos a Cuba* from the school library shelves because of factual inaccuracies and the undisputed fact that the book does contain inaccuracies, that those inaccuracies were what motivated the Board."); *Id.*at 1230 ("Even assuming that the First Amendment applies to school board decisions to remove books from school libraries, the Board's action in removing this book did not violate the First Amendment.").

[4] Plaintiffs' assertion here further highlights their misreading of *ACLU*. For the proposition that the Court "rejected" the application of *Hazlewood* and government speech doctrine they cite to pages 1201-1202 of *ACLU*. However, there,

5

> [T]he [ACLU] court merely concluded that '[e]ven if the plaintiffs won the argument about the applicable standard and got the one of their dreams,' those plaintiffs would lose. 557 F.3d at 1202. Thus, the court found "no need to resolve" the "question of what standard applies to school library book removals." *Id.* The bottom line is that neither *Pico* nor *ACLU* supports Plaintiffs' position.

*Parnell*, 802 F.Supp.3d at 1368-69 (quoting *ACLU*, 557 F.3d at 1202). Thus, the Eleventh Circuit expressly declined to resolve what standard governs school library book removals. Accordingly, Plaintiffs' reliance on *ACLU* does not advance their claims.

## II. This Court's Memorandum Opinion Confirms Plaintiffs Fail to State a Plausible Claim for Relief

As part of its Motion for Judgment on the Pleadings, Defendants argued in the alternative that, should there exist a First Amendment right at issue in this matter, Plaintiffs' Complaint fails to state a claim for viewpoint discrimination. (DE 32, PageID # 355-61). After briefing on Defendants' Motion for Judgment on the Pleadings concluded, this Court issued its Memorandum Opinion on November 17, 2025, denying Plaintiffs' request for a preliminary injunction (DE 45). That Opinion constitutes intervening authority directly bearing on the claims and legal theories presented in Defendants' Motion, as it addresses the same operative allegations and provides substantive analysis of Plaintiffs' likelihood of success on the merits of their First Amendment claims. Accordingly, the Court's Memorandum Opinion is properly considered as supplemental

---

the opinion simply outlines the possible applicable standards before "assuming," without concluding, that *Pico* applied for the purposes of reaching its decision. Having blended its treatment of *Hazelwood* and government speech, the Court then declined to reach a conclusion as to the application of either test to the facts before it, writing instead that, "The argument against applying the *Hazelwood* standard here is that this is not a school newspaper situation, and the speech at issue does not form part of a course of study in a school's curriculum. This is a school library book case. The two situations may be sufficiently analogous to extend the *Hazelwood* standard here, or they may not be. The question of what standard applies to school library book removal decisions is unresolved. And for reasons that will become apparent later we have no need to resolve it here." *Id.* at 1202. Regardless, this Court in its Memorandum Opinion denying Plaintiffs' request for a preliminary injunction noted that the "lesser standards of scrutiny" in *Tinker v. Des Moines*, 393 U.S. 503 (1969) and *Hazelwood* were inapposite to the present set of circumstances and inquiry in this case and, as a result, declined to consider Plaintiffs' motion for a preliminary injunction through the lenses of either *Tinker* or *Hazelwood*. (DE 45, PageID # 520-21, fn. 8).

authority in resolving the pending dispositive motion.

First, the Court's Memorandum Opinion provides substantial and highly relevant analysis that reinforces the arguments already advanced by Defendants and independently demonstrates that Plaintiffs' claims fail as a matter of law. In denying preliminary injunctive relief, the Court concluded that Plaintiffs failed to demonstrate a likelihood of success on the merits of their First Amendment claims, emphasizing that the Rutherford County Board of Education acted pursuant to a content-based but viewpoint-neutral policy grounded in legitimate pedagogical concerns, including considerations of sexual content, vulgarity, and age-appropriateness under Tennessee law. (DE 45, PageID # 529-43). In particular, the Court found that the record "does not indicate that the Board removed the books at issue solely because it disagree[d] with the views expressed in the books," but instead reflects permissible decision-making tied to educational suitability and statutory compliance. (*Id.* at PageID # 537). This reasoning directly undercuts the central premise of Plaintiffs' Complaint—that Defendants engaged in impermissible viewpoint discrimination— and confirms that Plaintiffs have not plausibly alleged a constitutional violation.

Second, and relatedly, the Court's analysis underscores a broader deficiency in Plaintiffs' pleadings under the plausibility standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Even accepting Plaintiffs' allegations as true, the Court's findings highlight the absence of factual content sufficient to support a reasonable inference that Defendants acted with an impermissible motive. Rather than plausibly alleging viewpoint discrimination, the Complaint relies on conclusory assertions that are contradicted by the policy framework and decision-making process described in the record. In this respect, the Court's Opinion (DE 45) provides an independent and intervening basis to conclude that Plaintiffs' claims, not only fail to make the showing required for a preliminary injunction, but also fail to

7

meet the pleading standards required under Federal Rules of Civil Procedure 8 and 12(b)(6), and therefore cannot survive Defendants' Motion for Judgment on the Pleadings.

Taken together, these intervening developments—particularly this Court's own detailed analysis denying Plaintiffs' request for a preliminary injunction—provide compelling grounds to supplement Defendants' Motion and confirm that judgment on the pleadings is warranted. Allowing supplementation at this stage will promote judicial efficiency by enabling the Court to consider all relevant authority and developments in resolving the pending dispositive motion, rather than requiring piecemeal or duplicative briefing.

WHEREFORE, Defendants respectfully request that the Court grant this Motion and permit Defendants to supplement their Motion for Judgment on the Pleadings and Memorandum of Law with the authority attached as Exhibit "A," as well as the Court's Memorandum Opinion herein (DE 45), and for all other relief to which they may be entitled.

Respectfully submitted,

HUDSON, REED & CHRISTIANSEN, PLLC

By: /s/ Nick C. Christiansen
   JEFF REED, #15000
   NICK C. CHRISTIANSEN, #30103
   JASON N. KING, #027749
   16 Public Square North
   P.O. Box 884
   Murfreesboro, TN  37133
   (615) 893-5522
   jreed@mborolaw.com
   nchristiansen@mborolaw.com
   jking@mborolaw.com

   *Attorneys for Defendants*

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following **via the District Court's electronic filing system and/or U.S. Mail, postage prepaid**, to:

Theresa House
Anand Agneshwar
Dori Ann Hanswirth
Leah Novak
Zoe Staum
250 West 55th Street
New York, NY 10019

Zee Scout
Lucas Cameron Vaughn
P.O. Box 120160
Nashville, TN 37212

Kerry Knox
117 S. Academy Street
Murfreesboro, TN 37130

this 22nd day of March, 2026.

**/s/ Nick C. Christiansen**
**NICK C. CHRISTIANSEN**

9