# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

RACHEL ROE, et al.,

        Plaintiffs,

v.

RUTHERFORD COUNTY BOARD OF
EDUCATION; JAMES SULLIVAN,

        Defendants.

Case No. 3:25-cv-00429

Judge Eli Richardson

Magistrate Judge Luke A. Evans

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND/OR SUPPLEMENTAL BRIEFING (ECF No. 74)

Plaintiffs respectfully respond to Defendants' Motion for Leave to File Supplemental Authority and/or Supplemental Briefing ("Motion" or "Mot.," ECF No. 74). Mischaracterized as "Supplemental," Defendants' Motion is actually a second reply brief to their Motion for Judgment on Pleadings, the latter of which was filed seven months ago. For this reason alone, the Motion should be denied. Moreover, "Supplemental Briefing" is not warranted because Defendants already submitted over eight pages of substantive briefing in the Motion. However, if Defendants are permitted to file yet another brief in support of their Motion for Judgment on the Pleadings, Plaintiffs request that the Court give them an opportunity to respond more fully in writing.[1]

## BACKGROUND

Briefing on Defendants' motion for judgment on the pleadings (the "Motion on the Pleadings") was completed on September 12, 2025, the date that Defendants filed their reply brief. (ECF Nos. 31, 37, 41.) Plaintiffs did not file a sur-reply. Now, over a half a year later, Defendants

---

[1] As further argued below, should the Court consider Defendants' new arguments regarding the *ACLU* or *Parnell* decisions or the import of these decisions, Plaintiffs respectfully seek leave to file a sur-reply to respond to the substantive arguments that are raised in the Motion.

filed the present Motion,[2] purportedly seeking leave to file "supplemental" authority" and briefing related to a September 30, 2025, out-of-circuit decision, "*Parnell*,"[3] and this Court's November 17, 2025, denial of Plaintiffs' motion for a preliminary injunction ("PI Ruling"), ECF Nos. 45-46.[4]

Before the Court ruled on Defendants' request for leave, Defendants filed the authority and submitted over eight pages of legal argument as to their view of the import of this supplemental authority. (ECF No. 74.1 and Mot. at 1-9). Defendants' Motion also includes *new, never-before raised* arguments to rebut Plaintiffs' opposition to their Motion for Judgment on the Pleadings that are not tethered to the cited "supplemental authority." (*See id.* at 5 & nn.3-4.) In effect, the Motion is—at best—an attempt at a second bite at responding to Plaintiffs' arguments in opposition to the Motion on the Pleadings filed last summer; or, at worse, the Motion is an end-run around the five-page limitation for reply briefs as afforded by the Local Rules. *See* Local Rule 7.01(a)(4).

Accordingly, the Court should find that additional briefing is not warranted, and the Motion should be denied. Alternatively, if Defendants are permitted to file yet another brief in support of their Motion on the Pleadings, Plaintiffs request that they be given an opportunity to respond to any forthcoming supplemental brief in writing. And, further in the alternative, should the Court consider Defendants' new arguments regarding the *ACLU*[5] and *Parnell* decisions (as discussed below), Plaintiffs respectfully seek leave to file a sur-reply to respond to Defendants' substantive arguments regarding *ACLU* and *Parnell* that are raised in the Motion.

---

[2] Defendants did not provide Plaintiffs with prior notice of this Motion or their intention to file supplemental authority. This Motion was filed on Sunday, March 22, 2026, two days after Defendants' original deadline to respond to Plaintiffs' Motion to Compel. (*See* ECF No. 71.) Rather than proceed with a response, Defendants secured Plaintiffs' consent to seek an extension of time to respond to the motion to compel (ECF Nos. 73 & 75) and filed this Motion instead.

[3] *Parnell v. Sch. Bd. of Escambia Cnty.*, 802 F. Supp. 3d 1361 (N.D. Fla. 2025) ("*Parnell*").

[4] PI Ruling, *Roe v. Rutherford Cnty. Bd. Of Educ.*, 2025 WL 3205703 (M.D. Tenn. Nov. 17. 2025). *Parnell* and the PI Ruling were decided only 18 days and two months, respectively, after Defendants submitted their reply in support of their Motion on the Pleadings. Defendants fail to explain their delay in bringing this Motion at this time.

[5] *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177 (11th Cir. 2009) ("*ACLU*").

2

<u>**ARGUMENT**</u>

**I. THE MOTION SHOULD BE DENIED BECAUSE THE *PARNELL* DECISION AND PI RULING ARE NOT INTERVENING DEVELOPMENTS THAT BEAR DIRECTLY ON THE DISPOSITIVE ISSUES BEFORE THE COURT**

Defendants contend that the *Parnell* decision and the Court's PI Ruling are "intervening judicial decisions" that "undermine the legal sufficiency" of Plaintiffs' claims and will "aid the Court in resolving" the Motion on the Pleadings. (Mot. at 3 ¶ 5.) Defendants are incorrect. These decisions involve different factual records and legal standards of review than the facts and standards here, now before the Court, on Defendants' Motion on the Pleadings. Moreover, neither *Parnell* nor the PI Ruling "reflect any changes in the relevant case law," but instead are put forward by Defendants to improperly raise new arguments and draw the Court's attention to propositions of law that are "identical to one[s] [Defendants] included" in their Motion on the Pleadings. *Marcelletti v. GEICO Gen. Ins. Co.*, 2025 WL 1811668, at *14 (W.D.N.Y. July 1, 2025) (advising that "notices of supplemental authority should be used sparingly—principally for new controlling authority or decisions that reflect developments in the relevant caselaw—and such notices should not include any substantive commentary").

Thus, as explained further below, neither *Parnell* nor the PI Ruling warrant further briefing and the Motion should be denied.

**A. *Parnell* Is A Non-Binding, Out-of-Circuit Decision That is Procedurally and Factually Distinguishable**

The out-of-circuit *Parnell* decision is not an "intervening" development that is binding on this Court. Right away, then, Defendants are wrong that *Parnell* somehow "forecloses the core legal theories" asserted by Plaintiffs. (Mot. at 4); *Hawkins v. Ctr. for Spinal Surgery*, 2015 WL 4168388, at *2 (M.D. Tenn. July 9, 2015) ("Decisions from other circuits are not binding on this court." (citing *Moldowan v. City of Warren*, 578 F.3d 351, 381 n.9 (6th Cir. 2009))).

Moreover, *Parnell* is procedurally inapposite because it resolved cross motions for summary judgment based on a wholly different legal standard and a full factual record—but neither the summary judgment legal standard nor a developed factual record are before the Court on the Motion on the Pleadings. *See* 802 F. Supp. 3d at 1363. Instead, only Defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) is pending—and there is no pending motion for summary judgment either directly or in the alternative.[6] (*See generally* Mot. on the Pleadings; *see* ECF No. 31, Defs.' Notice of Mot.) And, further, unlike *Parnell*, the evidentiary record here is undeveloped. Fact discovery is open for another six months—until October 23, 2026—and Plaintiffs are pursuing discovery at this time by attempting to take Defendants' depositions and gathering other evidence to develop adequate proof to support their theories as to Defendants' First Amendment violations, consistent with this Court's PI Ruling. *See, e.g.*, PI Ruling, 2025 WL 3205703, at \*20 ("The Court notes that any views suggested herein regarding the merits of Plaintiffs' claims are subject to change based on subsequent legal argumentation, subsequent development in applicable case law, and future elucidation of relevant facts."). In other words: this case is at a distinctly different procedural stage than *Parnell*. These procedural differences are important because the parties here are at the motion to dismiss stage, and the *Parnell* court itself declined to make *any* dispositive legal determinations at the motion-to-dismiss stage because of "the undeveloped record." *Parnell*, 802 F. Supp. 3d at 1365.

Further, as Defendants acknowledge, the standard for assessing a Rule 12(c) motion for judgment on the pleadings is "the same as the one used for Rule 12(b)(6)" (Mot. on the Pleadings at 4), and "[o]f course, the standard for ruling on a Motion to Dismiss is different from the standard for ruling on a Motion for Summary Judgment." *Escobar v. Gaines*, 2014 WL 4384392, at \*2 n.3

---

[6] Defendants argue that they are "entitled to judgment as a matter of law" (Mot. at 4, 7-8) but "judgment as a matter of law" is not what they seek in their Motion on the Pleadings. Instead, they seek judgment on the *pleadings*.

(M.D. Tenn. Sept. 4, 2014); *see Lewis Lumber & Milling, Inc. v. Mereen-Johnson, LLC*, 2018 WL 6181356, at *3 n.3 (M.D. Tenn. Nov. 27, 2018) (Richardson, J.) (acknowledging the "vital distinctions between a motion to dismiss under Rule 12(b)(6) and a motion for summary judgment"); *see also Flint v. Mercy Health Reg'l Med. Ctr., LLC*, 2019 WL 6270916, at *3 (N.D. Ohio Nov. 25, 2019) (denying motion for judgment on the pleadings and rejecting cases from the Sixth Circuit that reflect "standards of law *from the summary judgment stage*" because "there is an important difference between the pleading and summary judgment stages." (emphasis in original) (citing *Fin. Res. Network, Inc. v. Brown & Brown, Inc.*, 754 F. Supp. 2d 128, 155 (D. Mass. 2010))). Because *Parnell* resolved summary judgment motions—which involve consideration of evidence "beyond the pleadings" as discussed above—it cannot "support" the argument "that judgment on the pleadings is warranted in this case." *Ray v. Fisk Univ.*, 2021 WL 746047, at *7 (M.D. Tenn. Jan. 19, 2021), *R. & R. adopted*, 2021 WL 734438 (M.D. Tenn. Feb. 25, 2021).

Finally, *Parnell* has little bearing on the issues here because it is factually distinguishable. (*Cf.* Mot. at 3.) Although *Parnell* involved a Florida school board's decision to remove a single book from its school libraries, 802 F. Supp. 3d at 1363, that is hardly the same scenario here, where Plaintiffs allege that Defendants removed more than 140 books in violation of the First Amendment. (*See generally* Compl., ECF No. 1.) Moreover, the book removal decision in *Parnell* was based on different policies and considerations than the policies and considerations before *this* Court or alleged in the Complaint filed in *this* case by Plaintiffs. For example, the *Parnell* decision arises out of the defendants' enforcement and implementation of a Florida-specific bill, H.B. 1557 (the Parental Rights in Education Act), which provides that kindergarten through third grade classrooms "may not" instruct on "sexual orientation or gender identity . . . or in a manner that is

5

not age appropriate or developmentally appropriate for students in accordance with state standards." *See, e.g.*, *Parnell* Complaint, Case No. 23-cv-414, ECF No. 1 ¶¶ 67-68 (citing H.B. 1557). This was expanded to prekindergarten and eight grade through Florida's passing of another Florida-specific bill, *i.e.*, H.B. 1069. *Id.* ¶ 69.

Therefore, no additional briefing to discuss *Parnell* is warranted and the Motion should be denied.

### B. Defendants Use The Motion as a Second Reply Brief to Improperly Raise New Arguments and Rehash Arguments Already Asserted in Their First Reply Brief

Defendants also rely on the out-of-circuit *Parnell* decision to re-argue that "library curation decisions" are "not subject to constitutional challenge[s]." (Mot. at 4.) The Motion should be denied. Not only is Defendants' reliance on *Parnell* misplaced because it does not reflect a change in the law, but Defendants rely on *Parnell* merely to rehash arguments that are already before the Court and to improperly raise new arguments in support of their Motion on the Pleadings.

*First*, in the Motion, Defendants *again* urge the Court to adhere to the out-of-circuit, plurality, and non-binding reasoning articulated in *Little v. Llano County*, 103 F.4th 1140 (5th Cir. 2024) (en banc)—just like the *Parnell* court did—to find that library curation is government speech. (Mot. at 4 n.1.) These arguments are the very same arguments that Defendants asserted in the Motion on the Pleadings, and nothing has changed since. (*See* Mot. on the Pleadings at 4-6, 8-13, 16 n.9, 17-18; Mot. on the Pleadings Reply, ECF No. 41, at 2-3, 5 n.5.) Plaintiffs responded to these arguments in their Response to the Motion on the Pleadings and incorporate those arguments by reference here. (Plaintiffs' Response to Mot. on the Pleadings ("Response"), ECF No. 37, 15-24.) Importantly, Defendants' reliance on *Parnell* does not change the fact that there is a separate body of case law that finds library curation *is not* government speech. *See, e.g.*, *GLBT Youth in Iowa Schs. Task Force v. Reynolds*, 114 F.4th 660, 668 (8th Cir. 2024); *see also*

PI Ruling, 2025 WL 3205703, at *16 n.29 (collecting cases).  It follows that *Parnell* is not new or controlling and cannot be an "intervening development" that will "aid the Court in resolving" the Motion on the Pleadings.  (*Cf.* Mot. at 4-5.)

*Second*, Defendants improperly use the Motion to circumvent the page limitation for reply briefs and put forward *another* round of reply arguments that challenge Plaintiffs' Response.  (*See* Mot. at 5-6 & nn. 3-4.).  That is, under the guise of showing the purported "significance of the *Parnell* decision," Defendants argue that Plaintiffs' "misread[]" *ACLU*, and that reliance on *ACLU* in Plaintiffs' Response is "misplaced" or "misconstrue[d]."  (Mot. at 5-6 & nn.3-4.)  The Court should ignore these additional rebuttal arguments that could have—and should have—been raised by Defendants in their first reply brief to the Motion on the Pleadings.

Moreover, Defendants are mistaken to the extent that they argue that *Parnell* is "intervening" law (in light of the *Parnell* court's discussion of *ACLU*) that undercuts Plaintiffs' Response or is relevant to the outcome of the Motion on the Pleadings.  For example, in *Parnell*, the court relied on *ACLU*, in part, to determine that the principles articulated in *Pico* do not apply. *Parnell*, 802 F. Supp. 3d at 1368-69.  In contrast, this Court in the PI Ruling considered all "potentially relevant standards," including the standard articulated by *Pico*, to articulate the standard it applied when deciding whether Plaintiffs were likely to succeed on their right-to-receive First Amendment violation claim.  PI Ruling, 2025 WL 3205703, at *8.  And, given that the *ACLU* decision was issued in 2009—and has been available to the Parties and the Court since this case was initiated—the *ACLU* decision (or *Parnell*'s reliance on it) does not change the

landscape of the relevant law that the Court must consider in connection with the Motion on the Pleadings.[7] *See ACLU*, 557 F.3d 1177.

On these bases, the Motion should be denied. However, should Defendants' new arguments regarding the *Parnell* or *ACLU* decisions be considered by the Court, Plaintiffs respectfully seek leave to file a sur-reply to respond to Defendants' substantive arguments raised in the Motion.

### C. The Court's Own PI Ruling Is Not Supplemental Authority or Dispositive of the Motion for Judgment on the Pleadings

Furthermore, the Court does not need Defendants' "supplemental" briefing to decide the Motion on the Pleadings because it is "capable of finding and applying relevant caselaw to the matters before it"—*i.e.*, the PI Ruling is a decision in *this* case.[8] *Marcelletti*, 2025 WL 1811668, at *14. Even if the Court had not authored the PI Ruling itself, the PI Ruling is not intervening authority "directly bearing on the claims and legal theories presented in" the Motion on the Pleadings, and it does not "confirm that judgment on the pleadings is warranted." (*Cf.* Mot. at 6, 8.)

Importantly, the standard applied in the PI Ruling is different from the standard that the Court must apply for judgment on the pleadings. When deciding a preliminary injunction motion, the moving party must show "a likelihood of success on the merits; irreparable harm in the absence of the injunction; the balance of equities favors them; and that the public interest favors an injunction." PI Ruling, 2025 WL 3205703, at *4 (citation omitted). To make this showing, the

---

[7] Moreover, unlike here, *ACLU* was a decision based on an appeal from a preliminary injunction ruling which, as discussed below, deals with a different standard of review than the standard applicable to judgment on the pleadings. *See ACLU*, 557 F.3d at 1190.

[8] Evidencing this proposition is the Court's citation in the PI Ruling to the earlier motion to dismiss decision from the same *Parnell* case. *See* PI Ruling, 2025 WL 3205703, at *10 n.14 & *16 n.29 (citing or discussing *Parnell v. Sch. Bd. of Lake Cnty., Fla.*, 731 F. Supp. 3d 1298 (N.D. Fla. 2024)).

moving party "may not merely rely on unsupported allegations but rather must come forward with more than 'scant evidence' to substantiate their allegation." *Id.* at *5 (citation omitted) (collecting cases). As mentioned above, the standard applicable to motions for judgment on the pleadings is " the same standard as applies to a review of a motion to dismiss under Rule 12(b)(6)." *JPMorgan Chase Bank, N.A. v. Winglet*, 510 F.3d 577, 581 (6th Cir. 2007). And, "[u]nlike a preliminary injunction, the pleading standard to survive a motion to dismiss merely requires the plaintiff to plead 'only enough facts to state a claim to relief that is plausible on its face.'" *Just City, Inc. v. Bonner*, 758 F. Supp. 3d 785, 818 (W.D. Tenn. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, on a motion for judgment on the pleadings, the Court must accept Plaintiffs' factual allegations regarding Defendants' viewpoint discrimination "as true at this stage." *Id.* (citing *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1037 (6th Cir. 2024)); *see id.* at 817-18 (explaining "the standard for a plaintiff to survive a motion to dismiss is less demanding than for a plaintiff to show it is entitled to a preliminary injunction."); *see also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (abrogated on other grounds) (recognizing "the standard for obtaining a preliminary injunction is [even] higher than the standard for surviving summary judgment.").

Defendants ignore these different standards and invite the Court to erroneously apply the PI Ruling findings to its analysis of Defendants' Motion on the Pleadings. This leap is illogical and disregards the key findings in the PI Ruling where the Court recognized that factual development is necessary and "appropriate" to understand whether Defendants' motive in removing books was, as alleged, viewpoint discriminatory, *i.e.*, "whether an impermissible motive drove the Board to remove (or restrict) the books at issue." PI Ruling, 2025 WL 3205703, at *8, *11. As such, the PI Ruling findings do not impact the necessary inquiry on whether Plaintiffs

have "plausibly alleged enough to survive dismissal," as required to decide the Motion on the Pleadings. *Just City*, 758 F. Supp. 3d at 818 (emphasis omitted).

Therefore, the PI Ruling is not does not bear on the sufficiency of the pleadings and the Court should deny the Motion.

## II. NO ADDITIONAL SUPPLEMENTAL BRIEFING IS WARRANTED.

Without supporting case law, Defendants argue that the Court should invoke its "inherent authority" to allow even more additional briefing regarding the supposed "intervening developments" that "bear directly on the dispositive issues before the Court." (Mot. at 2.) Defendants' Motion then goes on to substantively brief their view regarding the import of this authority. (*Id.* at 1-9.) As such, there is nothing further for Defendants to brief, and the Court should deny Defendants' request for leave to file additional briefing. In the alternative, and in the event Defendants are permitted to file a "Supplemental Brief" in support of their Motion on the Pleadings, Plaintiffs request an opportunity to respond in writing.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court deny the Motion. Alternatively, if the Court finds supplemental briefing warranted, Plaintiffs request leave to file a response to Defendants' supplemental briefing. Further, in the alternative, should the Court consider Defendants' new arguments regarding the *Parnell* or *ACLU* decisions, Plaintiffs respectfully seek leave to file a sur-reply to respond to Defendants' substantive arguments raised in the Motion.

Date: April 6, 2026

/s/ *Theresa House*
ARNOLD & PORTER KAYE SCHOLER LLP

Theresa House (admitted *pro hac vice*)
Dori Ann Hanswirth (admitted *pro hac vice*)

10

Anand Agneshwar (admitted *pro hac vice*)
Leah Novak (admitted *pro hac vice)*
Zoe Staum (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-7062
theresa.house@arnoldporter.com
anand.agneshwar@arnoldporter.com
dori.hanswirth@arnoldporter.com
leah.novak@arnoldporter.com
zoe.staum@arnoldporter.com

Zee Scout, BPR # 042637
Lucas Cameron Vaughn, BPR # 036284
American Civil Liberties Union Foundation of
Tennessee
P.O. Box 120160
(615) 320-7260
zscout@aclu-tn.org
lucas@aclu-tn.org

Kerry Knox, BPR # 23302
117 S. Academy Street
Murfreesboro, TN 37130
(615) 896-1000
kek@castelliknox.com

*Counsel for Plaintiffs*

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to all counsel of record via the District Court's electronic filing system on April 6, 2026.

/s/ *Theresa House*