# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

RACHEL ROE, et al.,

                Plaintiffs,

    v.

RUTHERFORD COUNTY BOARD OF
EDUCATION; JAMES SULLIVAN,

            Defendants.

Case No. 3:25-cv-00429

Judge Eli Richardson

Magistrate Judge Luke A. Evans

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS, INTERROGATORY RESPONSES, AND DEPOSITION <u>TESTIMONY</u>**

# **TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................1

II.     DEFENDANTS HAVE NOT MET THEIR BURDEN. ......................................................1

      A.      The Board's decision to remove books is administrative. .......................................1

      B.      If the Board's conduct is legislative, the privilege is qualified and
            is overcome. .....................................................................................................3

      C.      Defendants' other arguments also fail. ..................................................................5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allergan, Inc. v. Revance Therapeutics, Inc.*,
 2025 WL 2188989 (M.D. Tenn. June 20, 2025)........................................................................5

*Bd. of Educ. of Shelby Cnty., Tenn. v. Memphis City Bd. of Educ.*,
 2012 WL 6003540 (W.D. Tenn. Nov. 30, 2012).....................................................................1

*Doe v. Metro. Gov't of Nashville & Davidson Cnty.*,
 2021 WL 5882653 (M.D. Tenn. Dec. 13, 2021).....................................................................3

*Glowgower v. Bybee-Fields*,
 2022 WL 4042412 (E.D. Ky. Sept. 2, 2022) .........................................................................4

*In re Hubbard*,
 803 F.3d 1298, 1308-09 (11th Cir. 2015) ............................................................................1

*Jaggers v. City of Alexandria*,
 2009 WL 233244 (6th Cir. Feb. 2, 2009) ..........................................................................2, 3

*Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*,
 2009 WL 1952780 (M.D. Tenn. July 2, 2009) .......................................................................3

*Kay v. City of Rancho Palos Verdes*,
 2003 WL 25294710 (C.D. Cal. Oct. 10, 2003)......................................................................4

*League of United Latin Am. Citizens v. Abbott*,
 708 F.Supp.3d 870 (W.D. Tex. 2023) ...................................................................................1

*League of Women Voters of Mich. v. Johnson*,
 2018 WL 2335805 (E.D. Mich. May 23, 2018)...................................................................4, 5

*Loesel v. City of Frankenmuth*,
 2010 WL 456931 (E.D. Mich. Feb. 4, 2010).......................................................................1, 4

*McComas v. Bd. of Educ. Rock Hill Loc. Sch. Dist.*,
 2009 WL 10709695 (S.D. Ohio May 11, 2009) .....................................................................1

*Nashville Student Org. Comm. v. Hargett*,
 123 F. Supp. 3d 967 (M.D. Tenn. 2015).................................................................................4

*Parnell v. Sch. Bd. of Lake Cnty.*,
 2024 WL 5508347 (N.D. Fla. Sept. 24, 2024)........................................................................3

*PEN Am. Ctr., Inc. v. Escambia Cnty. Sch. Bd.*,
787 F. Supp. 3d 1292 (N.D. Fla. 2024)................................................................3

*Pittsfield Dev., LLC v. City of Chi.*,
2019 WL 13170617 (N.D. Ill. Nov. 12, 2019) ......................................................4

*Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*,
464 F. Supp. 3d 915 (S.D. Ohio 2020) ..............................................................1, 5

*Yeldell v. Cooper Green Hosp., Inc.*,
956 F.2d 1056 (11th Cir. 1992) ............................................................................3

**Statutes**

TN Age Appropriate Materials Act .....................................................................1, 2

**Other Authorities**

First Amendment ....................................................................................................5

Rutherford County Schools, *Removed Library Materials (as per Policy 4.403)*,
https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=525032&type=d&
pREC_ID=2636708 (last visited Apr. 9, 2026) .....................................................2

# I. INTRODUCTION

Defendants do not contest that they have the burden to prove their claim to the privilege. They have not met it. First, they fail to provide authority for their broad proposition that "[c]ourts consistently reject efforts to compel legislators to explain why they acted as they did[.]" ECF 79 ("Opp.") at 3. Instead, they repeatedly rely on expressly not authoritative out-of-circuit cases. *Id.* at 5 (citing *In re Hubbard*, 803 F.3d 1298, 1308-09 (11th Cir. 2015) (admonishing court for overlooking in-circuit law)). Courts in this circuit commonly compel discovery from legislators where, as here, the discovery concerns non-legislative acts or satisfies the balancing test.[1] Second, Defendants' argument that the Board's decisions on book removals are not implementations of the Age Appropriate Materials Act and Policy 4.403 is contradicted by their own statements as well as the rules, which show book removals are administrative. Defendants' arguments that the privilege is absolute rather than qualified is self-contradictory: (i) criticizing Plaintiffs' use of voting rights cases, then relying on a voting rights case (Opp. at 3 (citing *League of United Latin Am. Citizens v. Abbott*, 708 F.Supp.3d 870 (W.D. Tex. 2023))); and (ii) arguing for an absolute privilege, then citing to a civil discrimination case applying qualified privilege (*id.* at 20 (citing *Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 464 F. Supp. 3d 915, 919 (S.D. Ohio 2020))). Due to the administrative nature of the Board's decision, or, alternatively, the Court's prior findings, this Motion should be granted.

# II. DEFENDANTS HAVE NOT MET THEIR BURDEN.

### A. The Board's decision to remove books is administrative.

The Board's removal decisions applied policies reflected in the Age Appropriate

---

[1] *See, e.g.*, *Loesel v. City of Frankenmuth*, 2010 WL 456931 (E.D. Mich. Feb. 4, 2010) (allowing city council testimony); *Bd. of Educ. of Shelby Cnty., Tenn. v. Memphis City Bd. of Educ.*, 2012 WL 6003540 (W.D. Tenn. Nov. 30, 2012) (allowing discovery of individuals on motivation and intent); *McComas v. Bd. of Educ. Rock Hill Loc. Sch. Dist.*, 2009 WL 10709695, at *3 (S.D. Ohio May 11, 2009) (compelling testimony on board communications).

1

Materials Act and Policy 4.403 and thus were administrative. Defendants argue that the Act and Policy are somehow irrelevant to the Board's independent authority to set policies for book removal. Opp. at 8. This is disingenuous, at best. First, Defendants have repeatedly claimed that they were merely implementing the Act and Policy. Opp. to Mot. for Prelim. Inj., ECF 24 at 2 ("[T]his case involves actions by a local board of education and Director of Schools taken *pursuant to state statute*") (emphasis in original). Defendants also have publicly stated that removal decisions were not setting new policies but rather implementing the Act and Policy; indeed, the Board's published removal decisions are entitled "Removed Library Materials (as per Policy 4.403)" and state that reviews are conducted "[i]n accordance with Board Policy and Tennessee State law (TCA 49-6-3803)" and "to ensure the content aligns with state law," and that books flagged for removal "will appear before the board for final decision, as stated in Policy 4.403."[2] Second, the Policy instructs the Board to review recommendations and lists criteria to apply to the collection.[3] Ex. A, Policy at 2. Third, meeting minutes state that the Board evaluates challenged books "under the standards established in [the Age Appropriate Materials Act]." Ex. B, Nov. 14, 2024 Minutes at 16-17. In short, the Board applies these standards, which is an administrative act, not legislative.

*Jaggers* illustrates that implementations of discretionary authority, like the decisions here, are administrative. *Jaggers v. City of Alexandria,* 2009 WL 233244 (6th Cir. Feb. 2, 2009) (applying existing zoning rules to a development proposal). Defendants attempt to escape *Jaggers* by arguing that their book bans were "forward-looking," made on a "district-wide"

---

[2] *Removed Library Materials (as per Policy 4.403)*, Rutherford County Schools, https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=525032&type=d&pREC_ID=2636708.
[3] "The Board shall evaluate the recommendations […] along with the material to determine whether the material is appropriate for the age and maturity levels of the students who have access to the materials and whether the material is suitable for, and consistent with, the educational mission of the school." Ex. A at 3. This criteria includes reference to definitions for offensive representations that should be removed and reviewed by the Board. Ex. A at 1.

2

basis, and involved hearings and batch-removals. Opp. at 6. These are neither distinctions nor legally significant. *Jaggers*, too, considered a prospective ruling that was applied after a similar process: hearings, commission recommendations, and the council's decision. *See id.*; *see also PEN Am. Ctr., Inc. v. Escambia Cnty. Sch. Bd.*, 787 F. Supp. 3d 1292, 1297-98 (N.D. Fla. 2024) (book removals were administrative, even though the Board decision had a potential "district-wide impact"). Defendants cite no authority to support their proposed rule that applying a policy to an individual book transforms an administrative act to legislative.[4] Indeed, the only cases Defendants cite from this Court align with Plaintiffs' position. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, 2009 WL 1952780, at *4 (M.D. Tenn. July 2, 2009) (noting the inquiry turns on the "function" performed); *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 2021 WL 5882653, at *3 (M.D. Tenn. Dec. 13, 2021) (setting a new budget is legislative, but the board's decision is administrative if specific individuals were targeted).

Finally, Defendants' suggestion that voting to remove books *in batches* somehow makes their actions legislative has no legal support.[5] The fact that the Board considered multiple books at a time when applying standards to each does not make those removals a legislative act; it is simply the method by which they chose to administer the policy.

In short, the Board's acts here are administrative, and the privilege does not apply.

### B. If the Board's conduct is legislative, the privilege is qualified and is overcome.

Defendants assert that there is no Sixth Circuit authority, but ignore consensus amongst

---

[4] Defendants' citation to out-of-circuit *Parnell v. Sch. Bd. of Lake Cnty.,* 2024 WL 5508347 (N.D. Fla. Sept. 24, 2024) is not persuasive. Opp. at 5-6. *See Escambia Cnty. Sch. Bd.*, 787 F. Supp. 3d at 1297-98 (distinguishing *Parnell* because "there is a functional difference between the school board's adoption of a policy detailing what content is generally prohibited in school library books and the board's determination that a specific book must be removed from school libraries because it contains such content.").

[5] Indeed, in *Yeldell*, misused by Defendants, the court found that the Commissioner's personnel decisions were administrative despite encompassing multiple individuals and his role overseeing an entire hospital. *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1062-63 (11th Cir. 1992).

3

courts in this circuit that the privilege is qualified in this context. *See, e.g.*, *Loesel*, 2010 WL 456931, at *5-6; *Glowgower v. Bybee-Fields*, 2022 WL 4042412, at *9 (E.D. Ky. Sept. 2, 2022).[6] Contrary to Defendants' assertion, Plaintiffs do not rely solely on voting rights cases. *See, e.g.*, Pl. Mem., ECF 71 at 12-20 (citing cases applying qualified privilege to tax, equal protection, and Fair Housing Act claims). Defendants do not explain why these cases should be ignored and are wrong to suggest they are distinct from other constitutional claims of discrimination. The majority rule in this circuit is that the privilege is qualified.

The balancing test overwhelmingly favors disclosure. First, Defendants mischaracterize the Court's ruling on the value and necessity of this discovery. Order, ECF 45 at 15, 20-21. Defendants undercut their argument of a purported distinction between the Board's "collective" and individual motivations by conceding the practical reality that "[l]egislative bodies act only through their members[.]" Opp. at 22.[7] Regardless, Defendants' citation to *Pittsfield* is unavailing. *Pittsfield Dev., LLC v. City of Chi.*, 2019 WL 13170617, at *2-3 (N.D. Ill. Nov. 12, 2019) (*allowing* some discovery into the basis for a zoning change, i.e., depositions on facts and information available to lawmakers at the time of their decision, on grounds applicable here).

Second, selective disclosure and self-serving public statements are not substitutes for direct evidence. *See, e.g.*, *League of Women Voters of Mich. v. Johnson*, 2018 WL 2335805, at *5 (E.D. Mich. May 23, 2018); *Nash. Stud. Org. Comm. v. Hargett*, 123 F. Supp. 3d 967, 971 (M.D. Tenn. 2015).[8] Defendants' argument to the contrary (a) again relies on out-of-circuit cases and (b) is internally inconsistent, arguing that the Board's public statements can be used as

---

[6] Even outside the circuit, courts recognize that qualified privileged is the better rule. *See Kay v. City of Rancho Palos Verdes*, 2003 WL 25294710, at *14 (C.D. Cal. Oct. 10, 2003) ("[C]ases applying a qualified privilege represent the better, and controlling, legal rule.").

[7] Defendants again contradict themselves. In footnote 3, Defendants describe the requests as seeking what the members read, reviewed, or relied upon in voting and claiming the materials are not in its custody or control. Opp. at 5. Yet they submit declarations signed by seven board members.

[8] This Court also acknowledged as much, see Order, ECF 45 at 20-21 n.17.

evidence of their motivation (*id.* at 18-20) but at the same time cannot be considered because they are not authenticated and inadmissible (*id.* at 19 n.14). Defendants also assert that the 399 produced pages is enough. That is not only incredibly low for party discovery involving dozens of books, it is ludicrous for Defendants to unilaterally decide how much is enough. Opp. at 19.

Third, Defendants argue that the First Amendment violation is not a serious federal interest because (a) the Board's removal of books from school libraries is not a prohibition on access to ideas and (b) the Board's decisions "necessarily involve protecting children and balancing competing community concerns." Opp. at 22. These rhetorical (and specious) arguments are not relevant to whether there is a constitutional interest at stake. This case is about the Board's politically motivated efforts to censor access to ideas, preventing students from reading, and discussing books involving viewpoints with which the Board disagrees[9] – making it *harder* for students to read when there is an acute national crisis of students failing to read *at all*.

### C.      Defendants' other arguments also fail.

Defendants are wrong to contend that information submitted *by the public* becomes privileged merely because it was *received* by a legislator. Defendants' own authority refused to extend the privilege to third-party communications. *Plain Loc. Sch. Dist. Bd. of Educ.*, 464 F.Supp.3d at 922–23. Second, the privilege log is insufficient, lacking basic information needed to understand the scope of what is being withheld. *See Allergan, Inc. v. Revance Therapeutics, Inc.*, 2025 WL 2188989, at *4 (M.D. Tenn. June 20, 2025) (ordering a detailed log and in camera review). Third, examples of public statements on this process constitute waiver. If only three members waived privilege, then Plaintiffs are entitled to discovery from them, at a minimum. For the foregoing reasons, the motion should be granted.

---

[9] *See, e.g.*, Compl., ECF 1 ¶ 6 (students seek access to a "diverse array of books" in their school libraries); *id.* ¶¶ 47–49, ¶ 64 (the book removals interfere with students' ability to access information).

5

Date: April 10, 2026

*/s/ Theresa House*
ARNOLD & PORTER KAYE SCHOLER LLP

Theresa House (admitted *pro hac vice*)
Zoe Staum (admitted *pro hac vice*)
Dori Ann Hanswirth (admitted *pro hac vice*)
Anand Agneshwar (admitted *pro hac vice*)
Leah Novak (admitted *pro hac vice)*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-7062
theresa.house@arnoldporter.com
zoe.staum@arnoldporter.com
dori.hanswirth@arnoldporter.com
anand.agneshwar@arnoldporter.com
leah.novak@arnoldporter.com

Zee Scout, BPR # 042637
Lucas Cameron Vaughn, BPR # 036284
American Civil Liberties Union Foundation
of Tennessee
P.O. Box 120160
(615) 320-7142
zscout@aclu-tn.org
lucas@aclu-tn.org

Kerry Knox, BPR # 23302
117 S. Academy Street
Murfreesboro, TN 37130
(615) 896-1000
kek@castelliknox.com

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to all counsel of record via the District Court's electronic filing system on April 10, 2026.

/s/ Zoe Staum