# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| RACHEL ROE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  3:25-cv-00429 |
| | ) | |
| RUTHERFORD COUNTY BOARD OF | ) | JUDGE RICHARDSON |
| EDUCATION, et al. | ) | MAGISTRATE JUDGE EVANS |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RULE 72(a) MOTION FOR REVIEW
## OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE (DE 86)

COME NOW Defendants Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools (collectively, "Defendants"), by and through counsel, and, pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72(a), and Local Rule 72.01, move the Court to review and, ultimately, reverse and vacate the Order of Magistrate Judge Evans (DE 86) granting Plaintiffs' Motion to Compel. In support, Defendants state:

1. On April 24, 2026, Magistrate Judge Evans entered a Memorandum Order (DE 86) granting Plaintiffs' Motion to Compel in part, compelling Defendants to respond to various discovery requests with information and documents Defendants contend are protected by legislative privilege.

2. Federal Rule of Civil Procedure 72(a) requires a district court to modify or set aside any part of a magistrate judge's order on non-dispositive pre-trial matters that the district court finds to be "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. §

636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

3.    The Magistrate Judge's Order (DE 86) is contrary to law because:

a.    It improperly rests on a misapplication of the governing legal distinction between legislative and administrative acts;

b.    It improperly relies on land use case law, which is easily distinguishable from this case, and inadequately addresses this Court's prior decision in *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 2021 WL 5882653, at *5–6 (M.D. Tenn. Dec. 13, 2021) and persuasive authority from the Northern District of Florida in *Parnell v. School Board of Lake County*, No. 4:23-cv-414, 2024 WL 5508347, at *2 (N.D. Fla. Sept. 24, 2024), both of which recognized that district-wide school board decisions concerning educational policy constitute legislative conduct rather than individualized administrative action; and

c.    It erroneously permits discovery into the subjective motivations and deliberative processes of individual Board members and fails to recognize that inquiry in this case "is really focused on the Board's collective motivation, as opposed to the motivation of individual Board members" (PageID# 20; 21 n.17).

4.    Because the Order (DE 86) is based on incorrect application of law, Defendants respectfully request that this Court reverse and vacate and reverse said Order.

WHEREFORE, Defendants respectfully request that the Court sustain Defendants' objections under Rule 72(a), reverse and vacate the Order (DE 86), and grant such further relief as the Court deems appropriate.

2

**Respectfully submitted,**

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Nick C. Christiansen**

      **JEFF REED, #15000**
      **NICK C. CHRISTIANSEN, #30103**
      **JASON N. KING, #027749**
      16 Public Square North
      P.O. Box 884
      Murfreesboro, TN 37133
      (615) 893-5522
      jreed@mborolaw.com
      nchristiansen@mborolaw.com
      jking@mborolaw.com

      *Attorneys for Defendants*

3

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on <u>**May 8, 2026**</u> a true and correct copy of the foregoing document was served on all parties via the District Court's electronic filing system.

| | |
|---|---|
| **Anand Agneshwar**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Amand.Agneshwar@arnoldporter.com | **Lucas Cameron – Vaughn**<br>ACLU<br>PO Box 120160<br>Nashville, TN 37212<br>lucas@aclu-tn.org |
| **Dori Ann Hanswirth**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Dori.Hanswirth@arnoldporter.com | **Theresa House**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Theresa.House@arnoldporter.com |
| **Kerry E. Knox**<br>Castelli & Knox, LLP<br>117 S Academy Street<br>Murfreesboro, TN 37130<br>kek@castelliknox.com | **Zee Scout**<br>ACLU of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>zscout@aclu-tn.org |
| **Leah Novak**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Leah.Novak@arnoldporter.com | **Zoe Rachael Staum**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Zoe.Staum@arnoldporter.com |

<u>**/s/Nick C. Christiansen**</u>
**Nick C. Christiansen**