# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| RACHEL ROE, a minor, by and through her parent and next friend, ROBERT ROE; DAVID DOE, a minor, by and through his parent and next friend, DANA DOE; CLAIRE COE, a minor, by and through her parent and next friend, CHARLES COE; and PEN AMERICAN CENTER, INC., | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 3:25-cv-00429 |
| RUTHERFORD COUNTY BOARD OF EDUCATION; JAMES SULLIVAN, in his official capacity as Director of Rutherford County Schools, | ) ) ) ) ) | JUDGE RICHARDSON MAGISTRATE NEWBERN |
| Defendants. | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW Defendants Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools (collectively, "Defendants"), by and through counsel, pursuant to Fed. R. Civ. P. 33, Fed. R. Civ. P. 34, and Local Rule 33.01(a), and respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents as follows:

## <u>INTRODUCTION</u>

These responses are made solely for the purposes of this action. The responses, including any production of documents, are subject to the terms and conditions of any protective order(s) that may be entered in this action. Defendants have not completed their investigation of the facts

relating to this action and have not yet completed their preparation for trial. The following responses are thus given without prejudice to Defendants' right to produce subsequently discovered information and material. Defendants specifically reserve the right to supplement these responses pursuant to the applicable rules of civil procedure and any local rules of court.

By these responses (and production, where applicable), Defendants do not admit the relevance of any matter or document and reserves his right to object to the admission into evidence any response or documents that is produced. Except for facts that may be explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

Defendants specifically reserve the right to assert privilege for any privileged matter or document that is inadvertently disclosed or produced in response to this written discovery. In the event such matter or documents are inadvertently disclosed or produced, the inadvertent disclosure/production by Defendants of a matter or of a document containing attorney-client communication, attorney work-product, or otherwise privileged information shall not constitute a waiver of privilege and such matter or document(s) should be returned to Defendants' attorney immediately upon such request. Included in this reservation are not only matters promulgated by Defendants but also any matters or documents disclosed/produced by Defendants that may have been promulgated by others.

## **GENERAL OBJECTIONS**

1. Defendants object to each and every interrogatory and request for production to the extent it calls for the production of privileged documents, including documents protected by the attorney-client privilege, investigative privilege, consulting expert exemption, documents containing work product and documents prepared in anticipation of litigation or trial. Defendants further object to each and every interrogatory and request for production to the extent it seeks the

disclosure of the identities of, or any work generated by, non-testifying consulting experts retained by or at the direction of Defendants' attorneys in anticipation or preparation for this and/or other threatened or pending litigation or in connection with the rendering of legal advice to Defendants. No restatement of any specific objection in the context of these answers shall be construed to imply a waiver of any unstated privilege objections addressed by this general objection.

2. Defendants object to each and every interrogatory and request for production to the extent it attempts to impose a duty on Defendants to produce documents that are available from other entities not parties in this litigation and to the extent it seeks materials that are available to the public.

3. Defendants object to each and every interrogatory and request for production to the extent it is overly broad, burdensome and oppressive, and seeks documents neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants are performing a reasonable inquiry and search for documents as required by the applicable rules of civil procedure; however, it is possible that even those interrogatories that appear reasonable in scope on their face may, in fact, call for the production of information or certain documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Defendants preserve the objection to each such interrogatory and request for production to the extent it calls for the production of such documents.

4. Defendants object to every interrogatory and request for production that uses language such as "each and every" or similarly broad language. Such an interrogatory or request for production is onerous, burdensome, harassing, prejudicial, and overly broad. Each interrogatory and request for production asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable

information.  *See, e.g., United States v. Renault, Inc.*, 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). Moreover, Defendants have no possible means of making the all-encompassing identification such a broadly worded interrogatory or request for production requires.

5. Defendants are contacting those persons who have knowledge of the location and/or existence of information that may be responsive.  To the extent that Plaintiffs' interrogatories and requests for production, or any portion thereof, seek to require Defendants to take any actions other than those enumerated above, such as identifying "all persons" having knowledge or identifying "all documents" concerning the subject of the interrogatory, Defendants object to said interrogatory on the grounds that it is unduly burdensome and oppressive.

6. Defendants object to each and every interrogatory and request for production to the extent that it requires Defendants to produce documents created for it by other parties in that such an interrogatory is vague, ambiguous, and overly broad.  Additionally, such an interrogatory and request for production is broad enough to include information protected by the attorney-client privilege, the attorney work product doctrine, investigative privilege and the consulting expert exemption.

7. The responses contained herein are made solely for the purposes of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds to which the same statement would be subject if delivered in live testimony in court.  All such objections and grounds are expressly reserved by Defendants and may be interposed at the time of trial or in conjunction with other uses of the responses.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all individuals who assisted or participated in answering or responding to these Interrogatories. For each such individual, please include their name, job title, employer, business address, and business telephone number.

**RESPONSE:**

**As to Defendant James Sullivan, in his official capacity as Director of Rutherford County Schools: Dr. James Sullivan, Director of Schools. Dr. Sullivan may be contacted through counsel.**

**As to Defendant Rutherford County Board of Education: OBJECTION. The responses to these discovery requests are organizational responses from the Rutherford County Board of Education that are disassociated from any individual(s). Defendant's attorney obtained information used to respond to these interrogatories from various sources including persons and materials. Information about those sources is protected from discovery as work product. Further, neither Defendant nor Defendant's attorney kept an exact record of the identity of persons contributing information used in responding to these interrogatories. The person verifying the answers to these Interrogatories on behalf of the Rutherford County Board of Education is doing so in a representative capacity only.**

**INTERROGATORY NO. 2:** Identify the student demographics of each public school in Rutherford County schools, including, to the extent available and using the most recent available data where applicable, the number of students in each school, enrollment by race, enrollment by gender, and number of students age 18 or older in the District as of the last day of instruction of the 2024-2025 school year. If data are not available by school, please identify the data District-wide or as it is maintained in the normal course of business.

**RESPONSE: Please refer to the data compiled in RCBOE 000098-000111 provided herewith.**

**INTERROGATORY NO. 3:** Identify all book review sources considered by Defendants to evaluate books currently in circulation in the Rutherford County schools' libraries, including the name of the book review source, whether the Board considered the source, identification of all documents or analysis from each book review source considered by Defendants, description of how Defendants determined which book review sources to use, and a brief description of why Defendants chose to use each book review source.

**RESPONSE: OBJECTION. This interrogatory is vague and ambiguous and constitutes a compound, conjunctive, or disjunctive question. Specifically, Defendants object to the terms "evaluate" and "book review sources" as vague and ambiguous. Defendants further object to this interrogatory as overbroad, unduly burdensome and expensive, not proportional to the needs of this case, and not relevant or reasonably calculated to lead to discovery of admissible evidence. No time frame is specified for the information sought. Defendants have no possible means of making the all-encompassing identification such a broadly worded interrogatory requires to identify "all book review sources considered by Defendants to evaluate books currently in circulation in the Rutherford County schools' libraries." The scope of this request concerns books currently in circulation, of which there are thousands, rather than the disposition of only the books that are challenged in this case. Further, to the extent this interrogatory inquires into the motivation for the acts of the Board members in restricting or removing books from Rutherford County Schools libraries, Defendants object to the same based on legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). See Privilege Log Entry No. 3.**

**Without waiving any and all objections, Defendants respond as follows:**

**Resources that provide book reviews that are utilized by Rutherford County School District Librarians and Administrators include:**
- **School Library Journal**
- **Kirkus**
- **Booklist**
- **Publisher's Weekly**
- **Hornbook**
- **Reputable bodies that give awards to published works as well as publisher information, credibility, and binding.**

**Deliberations of the defendant Board of Education take place at public meetings, all of which are recorded and available to view on RCTV@RutherfordGovernment at this web address: https://www.youtube.com/playlist?list=PL7CB325821E536E8D**

**The agendas and minutes from those meetings may be accessed here:**

> **https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=523332&type=d&pREC_ID=1039563**

**INTERROGATORY NO. 4:** Identify when each book identified on the webpage "Removed Library Materials (as per Policy 4.403) – Academics – Rutherford County Schools," available at:

https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=525032&type=d&pREC_ID=2636708 (and identified in footnote 3 in the Complaint)

was removed from Defendants' libraries or otherwise made unavailable for some or all students to check out, including the date on which each book was removed from Defendants' libraries, who removed the book, where the removed books were discarded or otherwise stored following their removal, all reasons for the removal of each book and whether the District still has possession of the removed books.

**RESPONSE: OBJECTION. This interrogatory is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence in that it seeks information about the disposition of books that are not challenged in this case, including the present location of each such book, the identity of persons who removed them, and "all reasons" for removal. Defendants also object to this interrogatory on the grounds that it is compound. Further, to the extent this interrogatory inquires into the motivation for the acts of the Board members in restricting or removing books from Rutherford County Schools libraries, Defendants object to the same based on legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). See Privilege Log Entry No. 3.**

**Without waiving said objection(s), Defendants state:**

**The date on which action was taken with respect to each book is identified on the Removed Library Materials webpage referenced in this Interrogatory.**

**Please refer to the Age Appropriate Materials Act, which is the basis for the decisions**

challenged by Plaintiffs in this case. Please also refer to the following records pertaining to reasons for removal:

In addition, please refer to the following records provided herewith:

RCBOE 00001 through RCBOE 00039 and RCBOE 000091-000097.


**INTERROGATORY NO. 5:** Describe the process and criteria used by the Defendants to evaluate whether books should be removed from Defendants' school library collection, including the applicable policies, protocols, procedures, or guidelines, and all individuals involved in determining whether books should be removed, in effect from July 1, 2023, to present.

**RESPONSE:** **OBJECTION. To the extent this interrogatory inquires into the motivation for the acts of the Board in restricting or removing books from Rutherford County Schools libraries, Defendants object to the same based on legislative privilege.** *See Parnell v. Sch. Bd. of Lake Cnty.***, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). See Privilege Log Entry No. 3.**

**Without waiver of any objections, Defendants would state as follows:**

**Please refer to the Age Appropriate Materials Act, which is the basis for the decisions challenged by Plaintiffs in this case. Please also refer to the following records:**

**RCBOE 00001 - RCBOE 00039 and RCBOE 000091-000097.**

**Please refer to the following records for the work of the library materials review committees:**

**RCBOE 000040- 000057, RCOBE 000083-000091, RCBOE 000112-000127, RCBOE 000134-000254, RCBOE 000262-000269, RCBOE 000270, RCBOE 000388.**

**Audio/video recordings of the Rutherford County Board of Education Meetings that took place on November 14, 2024, January 9, 2025, January 23, 2025, February 6, 2025, March 6, 2025, and April 9, 2025 can be accessed online at:**

**https://www.youtube.com/playlist?list=PL7CB325821E536E8D**

**Agendas, Minutes, and attachments thereto, for the Rutherford County Board of Education Meetings that took place on November 14, 2024, January 9, 2025, January 23, 2025, February 6, 2025, March 6, 2025, and April 9, 2025 can be accessed online at:**

**https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=523589&type=d&pREC_ID=25
40922** (2024)

**https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=523332&type=d&pREC_ID=26
76703** (2025)

**The agendas include the book reviews and recommendations from the librarian/media
specialist review committee.**

**INTERROGATORY NO. 6:** With respect to each person you anticipate calling as an

expert witness at trial, please state:

      (a)     the name, current business and residential address and telephone numbers;

      (b)     the subject matter of said expert witness testimony;

      (c)     the substance of the facts and opinions to which the expert is expected to

testify; and

      (d)     a summary of the grounds for each opinion.

**RESPONSE: A decision has not yet been made regarding a testifying expert.
Defendants will supplement this response in accordance with the Federal Rules of Civil
Procedure, Local Rules, and the case management order.**

**INTERROGATORY NO. 7:** Identify each librarian and media arts specialist hired and/or

tasked to review the books identified in the webpage "Removed Library Materials (as per Policy

4.403) – Academics – Rutherford County Schools" listed above (and in footnote 3 of the

Complaint), including which book(s) each librarian and/or media arts specialist reviewed, the date

of the review, who assigned each the book(s) to each librarian and/or media arts specialist, and the

recommendation of each book reviewed by such librarian and/or media arts specialist.

**RESPONSE: OBJECTION. This interrogatory is overbroad and unduly
burdensome and not relevant or reasonably calculated to lead to discovery of admissible
evidence. Specifically, this interrogatory seeks information regarding the
removal/restriction of books other than the challenged books listed in Paragraph 51 of the**

Complaint. Defendants also object to this interrogatory on the grounds that it is compound. Further, Defendants object to this Interrogatory on grounds that it requests information that is equally available to the parties. The library review committee reviews, the minutes wherein the Board voted on each book title, and the video footage of the Board meetings wherein Board members discussed the books are available online and such links have been previously to Plaintiffs in Defendants' Initial Disclosures. *See Webb v. Westinghouse Elec. Corp.*, 81 F.R.D. 431 (E.D. Pa. 1978) (where the employer had made available the documents that were necessary to make the compilations, the employer was not required to prepare compilations of information to answer interrogatories); *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1 (W.D. Mo. 1954) (discovery cannot be used to require adverse party to prepare writing but can only be used to require production of things in existence); *Onofrio v. American Beauty Macaroni Co.,* 11 F.R.D. 181 (D.C.Mo.1951) (interrogatories that require research and compilation of data and information not readily known are improper); *Segarra v. Waterman S.S. Corp.,* 41 F.R.D. 245 (D.C.Puerto Rico, 1966) (interrogatories should not impose upon opposing party a duty to make inquiries and investigations; a litigant cannot compel adversary to do his work).

Without waiver of objections, Defendants would state as follows:

The identities of such persons will be provided to Plaintiffs subject to an appropriate protective order to protect such individuals from annoyance, embarrassment, oppression, or undue burden or expense.

Audio/video recordings of the Rutherford County Board of Education Meetings that took place on November 14, 2024, January 9, 2025, January 23, 2025, February 6, 2025, March 6, 2025, and April 9, 2025 can be accessed online at:

https://www.youtube.com/playlist?list=PL7CB325821E536E8D

Agendas, Minutes, and attachments thereto, for the Rutherford County Board of Education Meetings that took place on November 14, 2024, January 9, 2025, January 23, 2025, February 6, 2025, March 6, 2025, and April 9, 2025 can be accessed online at:

https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=523589&type=d&pREC_ID=2540922 (2024)

https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=523332&type=d&pREC_ID=2676703 (2025)

The agendas include the book reviews and recommendations from the librarian/media specialist review committee.

**INTERROGATORY NO. 8:** State whether Defendants followed the recommendations of the librarians and/or media arts specialists for each response identified in Interrogatory 7. If Defendants did not follow such recommendations, state why Defendants did not follow such recommendations.

**RESPONSE: OBJECTION. This interrogatory is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Specifically, this interrogatory seeks information regarding the removal/restriction of books other than the challenged books listed in Paragraph 51 of the Complaint. Defendants also object to this interrogatory on the grounds that it is compound. Further, Defendants object to this Interrogatory on grounds that it requests information that is equally available to the parties. The librarian/media specialist reviews, the minutes wherein the Board voted on each book title, and the video footage of the Board meetings wherein Board members discussed the books are available online and such links have been previously to Plaintiffs in Defendants' Initial Disclosures. *See Webb v. Westinghouse Elec. Corp.*, 81 F.R.D. 431 (E.D. Pa. 1978) (where the employer had made available the documents that were necessary to make the compilations, the employer was not required to prepare compilations of information to answer interrogatories); *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1 (W.D. Mo. 1954) (discovery cannot be used to require adverse party to prepare writing but can only be used to require production of things in existence); *Onofrio v. American Beauty Macaroni Co.,* 11 F.R.D. 181 (D.C.Mo.1951) (interrogatories that require research and compilation of data and information not readily known are improper); *Segarra v. Waterman S.S. Corp.,* 41 F.R.D. 245 (D.C.Puerto Rico, 1966) (interrogatories should not impose upon opposing party a duty to make inquiries and investigations; a litigant cannot compel adversary to do his work). Further, to the extent this interrogatory inquires into the motivation for the acts of the Board in restricting or removing books from Rutherford County Schools libraries, Defendants object to the same based on legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). See Privilege Log Entry No. 3.**

**Without waiver of any objections, Defendants would state as follows:**

**Audio/video recordings of the Rutherford County Board of Education Meetings that took place on November 14, 2024, January 9, 2025, January 23, 2025, February 6, 2025, March 6, 2025, and April 9, 2025 wherein the Board discussed and voted on the books can be accessed online at: https://www.youtube.com/playlist?list=PL7CB325821E536E8D**

**INTERROGATORY NO. 9:** Identify the "reviews" Stan Vaught reviewed, as alleged in Paragraph 28 of the Complaint, including the name of the reviewer and the source Mr. Vaught used to access the "reviews."

**RESPONSE: OBJECTION. This Interrogatory is addressed to matters considered privately by a single Board member, rather than matters upon which the Defendant Board itself deliberated. Defendants object to this interrogatory as requesting information protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id.* (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It 'applies with full force against requests for information about the motives for legislative votes and legislative enactments'". *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310). Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at \*1), legislative privilege protects against inquiry into the acts of Board members that occurred in the regular course of such process, including information sought in this interrogatory. See Privilege Log Entry No. 3 and 4.**

**INTERROGATORY NO. 10:** Identify with specificity what law Defendants are referring to as "applicable law" in Paragraphs 14, 30, 31, 43, 44, and 53 of the Answer.

**RESPONSE: OBJECTION. Defendants object to this interrogatory to the extent this interrogatory seeks information protected by the attorney work product doctrine, including counsel's mental impressions, legal theories, or strategy concerning the asserted defenses. Defendants further object to this contention interrogatory. Because discovery is ongoing and no depositions have been taken, objection is made on grounds that an answer to this Interrogatory involves an opinion or contention that relates to fact or the application of law to fact, and, as such, Defendant should not be required to answer this Interrogatory, if at all, until after the completion of discovery. Fed. R. Civ. P. 33.(a)(2). Further, to the extent this interrogatory inquires into the motivation for the acts of the Board in restricting or removing books from Rutherford County Schools libraries, Defendants object to the same based on legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies).**

**INTERROGATORY NO. 11:** Identify how Frances Rosales determined to request the removal of 150 books, as alleged in Paragraph 32 of the Complaint, including the process she used, whether she read each such book, and the input that she received from any other person or entity, including the identity of each such person or entity.

**RESPONSE: OBJECTION. This Interrogatory is addressed to matters considered privately by a single Board member, rather than matters upon which the Defendant Board itself deliberated. Defendants object to this interrogatory as requesting information protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id.* (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It 'applies with full force against requests for information about the motives for legislative votes and legislative enactments.'" *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310). Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at \*1), legislative privilege protects against inquiry into the acts of Board members that occurred in the regular course of such process, including information sought in this interrogatory. Further objection is made to the extent that this interrogatory seeks information or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith: See Privilege Log Entry Nos. 1, 2, 3, and 5.**

**INTERROGATORY NO. 12:** For each member of the Board of Education, identify which books listed on the webpage "Removed Library Materials (as per Policy 4.403) – Academics – Rutherford County Schools" listed above (and in footnote 3 of the Complaint) each such member has read, including whether the book was read in whole, or if any member read only passages of such book, identify the passages read by such member.

**RESPONSE: OBJECTION. Defendants object to this Interrogatory in that it exceeds the maximum twenty-five (25) interrogatories allowable under Fed. R. Civ. P. 33(a)(1) and Local Rule 33.01(b). Further objection is made because this Interrogatory is addressed to matters considered privately by a single Board member, rather than matters upon which the Defendant Board itself deliberated. Defendants object to this interrogatory as requesting information protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of***

*Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id*. (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It 'applies with full force against requests for information about the motives for legislative votes and legislative enactments'". *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310). Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at \*1), legislative privilege protects against inquiry into the acts of Board members that occurred in the regular course of such process, including information sought in this interrogatory. Any records withheld have been identified on the privilege log provided herewith: See Privilege Log Entry No. 3.

**INTERROGATORY NO. 13:** Identify the "administrative remedies" Plaintiffs failed to follow, as alleged in the Third Defense of your Answer.

**RESPONSE:** **OBJECTION.** Defendants object to this Interrogatory in that it exceeds the maximum twenty-five (25) interrogatories allowable under Fed. R. Civ. P. 33(a)(1) and Local Rule 33.01(b). Defendants further object to this interrogatory to the extent this interrogatory seeks information protected by the attorney work product doctrine, including counsel's mental impressions, legal theories, or strategy concerning the asserted defense. Defendant further objects to this interrogatory as premature. Discovery is not yet complete. As stated in Defendants' Answer, such affirmative defense was made "[p]ending investigation and in order to avoid waiver." Defendants further object to this contention interrogatory. Because discovery is ongoing, objection is made on grounds that an answer to this Interrogatory involves an opinion or contention that relates to fact or the application of law to fact, and, as such, Defendant should not be required to answer this Interrogatory, if at all, until after the completion of discovery. Fed. R. Civ. P. 33.(a)(2). Defendants reserve the right to supplement this interrogatory and/or to seek leave to amend their Answer as information become known to Defendants.

**INTERROGATORY NO. 14:** Identify the factual basis for each of your affirmative defenses.

**RESPONSE:** **OBJECTION.** Defendants object to this Interrogatory in that it exceeds the maximum twenty-five (25) interrogatories allowable under Fed. R. Civ. P. 33(a)(1) and Local Rule 33.01(b). Further objection is made to the extent this interrogatory seeks information protected by the attorney work product doctrine, including counsel's mental impressions, legal theories, or strategy concerning the asserted defenses. Defendant further objects to this interrogatory as overly broad, unduly burdensome, and not

proportional to the needs of the case. *See e.g., Percell v. Kentucky Dep't. of Military Affairs*, 2018 WL 4677783, at *4 (W.D. Ky. Sept. 28, 2018) ("'[i]nterrogatories should not require the answering party to provide a narrative account of its case. The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses.'") (quoting *High Point SARL v. Sprint Nextel Corp.*, 2011 WL 4036424, at *18–19 (D. Kan. Sep. 12, 2011)); *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011) ("Generally, a discovery request is considered overly broad or unduly burdensome on its face if it '(1) uses an omnibus term ... and (2) applies to a general category or group of documents or a broad range of information'") (citing *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006)). Defendants further object to this contention interrogatory. Because discovery is ongoing, objection is made on grounds that an answer to this Interrogatory involves an opinion or contention that relates to fact or the application of law to fact, and, as such, Defendant should not be required to answer this Interrogatory, if at all, until after the completion of discovery. Fed. R. Civ. P. 33.(a)(2). Discovery has only just begun and no depositions have yet been taken. This contention interrogatory is therefore premature. *See Stein v. U.S. Xpress Enters., Inc.*, 2022 WL 17661094, *3 (E.D. Tenn. May 20, 2022) (finding contention interrogatories premature where not a single fact deposition had yet been taken) (citing *Quashqeesh v. Monster Beverage Corp.*, No. 2021 WL 3634117, *at 3 (S.D. Ohio August 17, 2021) ("courts have recognized that it is sometimes appropriate for 'contention interrogatories' to be deferred until the end of the discovery period"); *Francis v. Lakewood Eng'g & Mfg. Co.*, 2006 WL 8434945, at *2 (W.D. Tenn. July 18, 2006) (noting national trend to defer contention interrogatories to the end of discovery "because they 'may create disputes between the parties which are best resolved after much or all of the other discovery has been completed'") (citing Fed. R. Civ. P. 33 advisory committee's note (1970)). Finally, Defendants object to this in that it exceeds the maximum twenty-five (25) interrogatories allowable under Fed. R. Civ. P. 33 and Local Rule 33.01(b). "[I]nterrogatories asking for the factual basis of affirmative defenses constitute separate and distinct interrogatories as to each affirmative defense. As such, when there are multiple affirmative defenses at issue, each affirmative defense is counted separately in determining the number of interrogatories propounded." *Ward v. Nesibo*, 2023 WL 3391145, at *3 (D. Utah May 11, 2023).

# UNSWORN DECLARATION FOR ORGANIZATIONAL PARTY

I, JAMES SULLIVAN, am the Director of Schools for Rutherford County, Tennessee. I believe, after a reasonable inquiry, that the foregoing answers to Interrogatories are true and correct to the best of my knowledge, information, and belief, based on all information that is available to the Rutherford County Board of Education through reasonable inquiry. I verify under penalty of perjury that the foregoing is true and correct.

RUTHERFORD COUNTY BOARD OF EDUCATION

By: _____
JAMES SULLIVAN Ed. D.
Director of Schools for
Rutherford County, Tennessee

Dated: the 17th day of October, 2025.

# UNSWORN DECLARATION FOR INDIVIDUAL IN OFFICIAL CAPACITY

JAMES SULLIVAN, acting in his official capacity as Director of Schools for Rutherford County, Tennessee, being first duly sworn, deposes and says that he is the Defendant so named herein, and that while he does not have personal knowledge of all of the facts recited in the foregoing answers to Interrogatories, the said answers are true to the best of his knowledge and belief based upon the information made available to him through reasonable inquiry.

By: _____
JAMES SULLIVAN Ed. D.
Director of Schools for
Rutherford County, Tennessee

Dated: the 17th day of October, 2025.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the Defendants' possession, custody, or control discussing or evaluating the removed books, the authors of the removed books, or any books the Defendants considered for removal from July 1, 2023, to the present.

**RESPONSE: OBJECTION. This request is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Defendants have no possible means of making the all-encompassing production such a broadly worded request requires, being "all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications…" Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Moreover this request seeks records "discussing or evaluating" all "removed books" rather than limiting the request to the curation decisions that plaintiffs challenge in this case. Defendants further object to this request as requesting documents protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id*. (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It 'applies with full force against requests for information about the motives for legislative votes and legislative enactments'". *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310). Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at \*1), legislative privilege protects against inquiry into the acts of Board members that occurred in the regular course of such process, including the documents sought in this request. Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1, 2, and 3.**

**Without waiving any and all objections, Defendants respond as follows:**

**Please refer to the records provided herewith at:**

RCBOE 000058- 000082
RCBOE 000134- 000254
RCBOE 000262- 000269
RCBOE 000279- 000341
RCBOE 000347- 000399

**REQUEST FOR PRODUCTION NO. 2:** Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) with or among members of the Board of Education related to the removal of books including, but not limited to, any evaluation of the removed books, development of library protocols, and communications about book reviews.

**RESPONSE:  OBJECTION. This request is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Defendants have no possible means of making the all-encompassing production such a broadly worded request requires, being "all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications…". Further, this has no temporal limitation and, moreover it seeks records "related to the removal of books" and the "removed books" rather than limiting the request to the curation decisions that plaintiffs challenge in this case.  Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Defendants further object to this request as requesting documents protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies).  "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id*. (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It 'applies with full force against requests for information about the motives for legislative votes and legislative enactments'". *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310).  Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at \*1), legislative privilege protects against inquiry into the acts of Board members that occurred in the regular course of such process, including the documents sought in this request.  Further**

objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1, 2, and 3.

Without waiving any and all objections, Defendants respond as follows:

Please refer to the records provided herewith.

**REQUEST FOR PRODUCTION NO. 3:** Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the possession, custody, or control of the Defendants related to or discussing book reviews and bookreviewsrc.com and any of its content.

**RESPONSE: OBJECTION. This request is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Defendants have no possible means of making the all-encompassing production such a broadly worded request requires, being "all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications…". Further, this request has no temporal limitation and, moreover, it seeks records "related to or discussing books reviews" rather than limiting the request to the curation decisions that plaintiffs challenge in this case. Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Defendants further object to the terms "related to" and "book reviews" as vague and ambiguous. Defendants further object to this request as requesting documents protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id.* (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It 'applies with full force against requests for information about the motives for legislative votes and legislative enactments'". *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310). Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at \*1), legislative privilege protects against inquiry into the acts of Board members that**

occurred in the regular course of such process, including the documents sought in this request. Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1, 2, and 3.

Without waiving any and all objections, Defendants respond as follows:

Please refer to the records provided herewith.

**REQUEST FOR PRODUCTION NO. 4:** Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the possession, custody, or control of the Defendants related to or requesting the removal of books in Defendants' libraries including, but not limited to, the removed books identified on the webpage Removed Library Materials (as per Policy 4.403) – Academics – Rutherford County Schools.

**RESPONSE: OBJECTION. This request is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Defendants has no possible means of making the all-encompassing production such a broadly worded request requires, being "all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications…". Further, this request has no temporal limitation and, moreover, it seeks records "related to or requesting the removal of books in Defendants' libraries," rather than limiting the request to the curation decisions that plaintiffs challenge in this case. Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Defendants further object to the term "related to" as vague and ambiguous. Defendants further object to this request as requesting documents protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, \*1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id*. (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It**

'applies with full force against requests for information about the motives for legislative votes and legislative enactments'". *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310).  Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at *1), legislative privilege protects against inquiry into the acts of Board members that occurred in the regular course of such process, including the documents sought in this request.  Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1, 2, and 3.

Without waiving any and all objections, Defendants respond as follows:

Please refer to the records provided herewith.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of the Defendants' library book catalog.

**RESPONSE:**  A copy of the entire catalogue, that updates in real time and is searchable by school, is available online at the link below. Go to the link and click on the button "Click here to access the digital catalog." https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=525032&type=d&pREC_ID=2568800

**REQUEST FOR PRODUCTION NO. 6:** Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications (whether formal or informal) in the possession, custody, or control of the Defendants reflecting or related to the Defendants' library collection curation policies, including Policy 4.403 and its prior versions, in effect from July 1, 2023, to present.

**RESPONSE:** OBJECTION. This request is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence.  Defendants has no possible means of making the all-encompassing production such a broadly worded request requires, being "all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other communications…". Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for

communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Defendants further object to the term "reflecting or related to" as vague and ambiguous. Defendants further object to this request as requesting documents protected from disclosure by the legislative privilege. *See Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 5508347, *1 (N.D. Fla. Sept. 24, 2024) (granting the defendants' motion for protective order precluding the plaintiffs' from deposing school board members, holding that that the board's decision to remove a book from school libraries was a legislative decision and, therefore, legislative privilege applies). "Legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *Id.* (quoting *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015)) (internal quotations omitted). "It 'applies with full force against requests for information about the motives for legislative votes and legislative enactments'". *Id.* (quoting *In re Hubbard*, 803 F.3d at 1310). Because the Board's decisions with respect to the removed/restricted books and library collections and curation policy were part of the legislative process (*Parnell*, 2024 WL 5508347 at *1), legislative privilege protects against inquiry into the acts of Board members that occurred in the regular course of such process, including the documents sought in this request. Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1, 2, and 3.

Without waiving any and all objections, Defendants respond as follows:

Please refer to the records provided herewith

**REQUEST FOR PRODUCTION NO. 7:** Produce all communications from members of the public or any third party to the Defendants related to the removed books or the authors of the removed books, including book review forms completed by members of the public.

**RESPONSE: OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it asks this Defendant to produce "all communications" from "the public or any third party" that is "related to the removed books" or their authors. Defendants has no possible means of making the all-encompassing production such a broadly worded request. This request lacks temporal limitation and, moreover, seeks communications that do not concern the book decisions challenged by plaintiffs in this case. Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Further objection is made to the extent that this request seeks documents**

or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1, 2, and 3.

Without waiving any and all objections, Defendants respond as follows:

Please refer to video recordings of the Board meetings identified in Defendants' Initial Disclosures, in which public comments were received. Please also refer to the book review forms provided herewith at RCBOE 000280-000287, 000312-000319, 000347-000348, 000350-000387. Defendants continue to undertake a diligent search for communications from third parties discussing the books that are the subject of this litigation and will supplement its response to this request in the event additional responsive records are found to be within its possession.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents and communications in the possession, custody, or control of the Defendants related to the Defendants' discussion or consideration of LGBTQ+ issues including LGBTQ+ history, LGBTQ+ rights, Pride Month, gender identity, or treatment of students who identify as LGBTQ+ individuals, from July 1, 2023, to present.

**RESPONSE:** **OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it asks this Defendant to produce "all documents and communications" "related to" "Defendants' discussion or consideration of LGBTQ+ issues." Further objection is made to "LGBTQ+ issues" on grounds that said phrase is vague and ambiguous. Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Records relating to the treatment of specific and/or identifiable students are protected by state and federal privacy laws including but not limited to FERPA and T.C.A. § 10-7-504(a)(4), thus further objection is here made on said grounds. Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1 and 2.**

Without waiving any and all objections, Defendants respond as follows:

Deliberations of the Board of Education are public record the agenda, minutes, and

**recorded video of the meetings may be accessed at these locations:**

> https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=523332&type=d&pREC_ID=1039563

> https://www.youtube.com/user/RutherfordGovernment

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents and communications in the possession, custody, or control of the Defendants related to the Defendants' discussion or consideration of race, including Black history, civil rights, Black History Month, DEI policies, or treatment of students who identify as non- White, from July 1, 2023, to present.

**RESPONSE: OBJECTION: This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, in that it asks this Defendant to produce "all documents and communications" "related to" "Defendants' discussion or consideration of race." Discussion or consideration of "race" and "civil rights" could arise in a variety of contexts wholly unrelated to Defendants' library collection and curation policies and decisions. Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Records relating to the treatment of specific and/or identifiable students are protected by state and federal privacy laws including but not limited to FERPA and T.C.A. § 10-7-504(a)(4), thus further objection is here made on said grounds. Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1 and 2.**

**Without waiving any and all objections, Defendants respond as follows:**

**Deliberations of the Board of Education are public record the agenda, minutes, and recorded video of the meetings may be accessed at these locations:**

> https://www.rcschools.net/apps/pages/index.jsp?uREC_ID=523332&type=d&pREC_ID=1039563

> https://www.youtube.com/user/RutherfordGovernment

**REQUEST FOR PRODUCTION NO. 10:** Produce all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other non-privileged communications (whether formal or informal) in the possession, custody, or control of the Defendants related to book removal policies, book removal decisions, or legal challenges to book removal decisions.

**RESPONSE: OBJECTION. Defendants object to this request for production as duplicative to requests 2, 4, and 6 above. Defendants further incorporate their objections to requests 2, 4, and 6. Further objection is made in that this request is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Defendants has no possible means of making the all-encompassing production such a broadly worded request requires, being "all policies, rules, regulations, internal memoranda, guidelines, directives, documents and other non-privileged communications…" Moreover, this request lacks any temporal limitation and seeks records "related to book removal policies" and "decisions," rather than limiting the request to the decisions and policies challenged by Plaintiffs in this case. Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake.**

**Without waiving any objections, Defendants would state as follows:**

**Please refer to the records provided herewith.**

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents and communications reviewed, referred to, identified, or otherwise relied on in responding to Plaintiffs' interrogatories.

**RESPONSE: OBJECTION. This interrogatory is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Defendants have no possible means of making a document production such a broadly-worded request would require, being "all documents and reviewed, referred to, identified, or otherwise relied on in responding to Plaintiffs' interrogatories". Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. No responsive records have been withheld on the basis of the said privileges at this time. Defendants further incorporate their objections set forth in the preceding interrogatories and requests including, without limitation, Fed. R. Civ. P. 26(b)(2)(B).**

**Without waiving any objections, Defendants would state as follows:**

**Please see the documents produced herewith.**

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents and tangible things that constitute or contain matters relevant to this action or are material evidence or contain any matter or information that is reasonably calculated to lead to the discovery of material evidence, including, but not limited to, documents you have identified in response to discovery requests or referred to or examined by you in preparing your responses.

**RESPONSE:** OBJECTION. This interrogatory is overbroad and unduly burdensome and not relevant or reasonably calculated to lead to discovery of admissible evidence. Discovery is not complete. Defendants have no possible means of making a document production such a broadly-worded request would require, being "all documents and tangible things that constitute or contain matters relevant to this action or are material evidence or contain any matter or information that is reasonably calculated to lead to the discovery of material evidence". Furthermore, this request seeks records that consist of electronically stored information that is not reasonably accessible because of undue burden or cost including, without limitation, internal communications that may relate to any number of the removed books and/or their authors. Fed. R. Civ. P. 26(b)(2)(B). Requiring these Defendants to conduct expensive and probing searches for communications by Board of Education members and employees concerning these broadly framed topics is unnecessarily burdensome, intrusive, and out of proportion with the needs of the case and the issues at stake. Further objection is made in that this request contains conclusion concerning what documents and things are or are not "relevant" or "material." Defendants further incorporate their objections set forth in the preceding interrogatories and requests. Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith. See Privilege Log Entry Nos. 1 and 2.

**Without waiving any objections, Defendants would state as follows:**

**Please see the documents produced herewith.**

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents of any kind or form whatsoever relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to:

a.      each expert's factual observation and opinions;

b.      the subject matter on which each expert was consulted;

c.      a summary of grounds of each opinion;

d.      all documents prepared by, provided to, relied upon, or reviewed by any such expert;

e.      all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence;

f.      documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, billing by the expert to date, the amount currently owed to the expert, and the amount paid to the expert to date; and

g.      a resume or curriculum vitae or other documents summarizing each expert's qualifications within the field or discipline or area in which such expert was consulted.

**RESPONSE: OBJECTION: This request seeks information that exceeds the scope of material discoverable under Fed. R. Civ. P. 26(a)(2) and trial preparation materials which are protected under Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).  Further objection is made to the extent that this request seeks documents or communications that are protected from disclosure by the attorney-client privilege and/or work product doctrine. Any records withheld have been identified on the privilege log provided herewith.**

**Without waiving any objections, Defendants would state as follows:**

**A decision has not yet been made regarding expert witnesses.  Defendants will make its trial expert disclosures in accordance with the Federal Rules of Civil Procedure, Local Rules, and the case management order.**

**REQUEST FOR PRODUCTION NO. 14:** Produce all treatises, rules, regulations, guidelines, statutes, policies or procedures and any other authoritative materials reviewed by any expert who will testify at trial.

**RESPONSE:** **OBJECTION: This request seeks information that exceeds the scope of material discoverable under Fed. R. Civ. P. 26(a)(2) and trial preparation materials which are protected under Fed. R. Civ. P. 26(b)(3)(A) and (B) and 26(b)(4).**

**Without waiving any objections, Defendants would state as follows:**

**A decision has not yet been made regarding expert witnesses. Defendants will make its trial expert disclosures in accordance with the Federal Rules of Civil Procedure, Local Rules, and the case management order.**

**Respectfully submitted,**

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Jason N. King**
      **JEFF REED, #15000**
      **NICK C. CHRISTIANSEN, #30103**
      **JASON N. KING, #027749**
      16 Public Square North
      P.O. Box 884
      Murfreesboro, TN 37133
      (615) 893-5522
      jreed@mborolaw.com
      nchristiansen@mborolaw.com
      jking@mborolaw.com

      *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following via the District Court's electronic filing system and/or U.S. Mail, postage prepaid, to:

Kerry Knox
117 S. Academy Street
Murfreesboro, TN 37130
kek@castelliknox.com

Stella Yarbrough
Lucas Cameron Vaughn
Zee Scout
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
syarbrough@aclu-tn.org

this the 20th day of October, 2025.

**/s/ Jason N. King**
**JASON N. KING**