| | | |
|---|---|---|
| RACHEL ROE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-00429 |
| | ) | |
| RUTHERFORD COUNTY BOARD OF | ) | JUDGE RICHARDSON |
| EDUCATION, et al. | ) | MAGISTRATE JUDGE EVANS |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LIMITED STAY OF DISCOVERY
PENDING RESOLUTION OF RULE 72(a) OBJECTIONS**

COME NOW Defendants Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools (collectively, "Defendants"), by and through counsel, and, pursuant to Fed. R. Civ. P. 26(c),[1] move the Court for a limited stay of discovery pending resolution of Defendants' Rule 72(a) Motion for Review of Nondispositive Order of Magistrate Judge (DE 87). In support, Defendants state as follows:

1. On April 24, 2026, Magistrate Judge Evans entered a Memorandum Order (DE 86) granting Plaintiffs' Motion to Compel in part, compelling Defendants to respond to various discovery requests with information and documents Defendants contend are protected by legislative privilege.

---

[1] The Federal Rules of Civil Procedure do not expressly provide for a "motion to stay discovery," but this Court and other courts in this Circuit routinely analyze such requests under Federal Rule of Civil Procedure 26(c) governing protective orders. *Collabera, Inc. v. Liggett*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) (citing *Cockrill v. Mortg. Elec. Registration Sys.*, 2013 WL 1966304, at *2 (M.D. Tenn. May 10, 2013)). Under Rule 26(c), the moving party bears the burden of establishing "good cause" through specific facts demonstrating a clearly defined and serious injury that would result from the requested discovery. *Id.* (citing *In re Skelaxin (Metaxalone) Antitrust Litig.*, 292 F.R.D. 544, 549–50 (E.D. Tenn. 2013)).

2. On May 8, 2026, Defendants filed a Rule 72(a) Motion for Review of Nondispositive Order of Magistrate Judge (DE 87) seeking for this Court to reverse and vacate said Order because it rests on a misapplication of the governing distinction between legislative and administrative conduct, improperly discounts controlling and persuasive authority addressing legislative school board actions, and erroneously fails to recognize that the relevant inquiry concerns the Board's collective motivation as a policymaking body. Plaintiffs filed a Response in Opposition to Defendants' Motion for Review (DE 89) on May 22, 2026. Defendants filed a Reply (DE 91) on June 1, 2026. Defendants' Motion for Review is now fully briefed.

3. However, until this Court rules on Defendants' pending Motion for Review, the Order (DE 86) remains in full force and effect. Thus, absent a stay, Defendants will be required to disclose information that they contend is privileged before the District Court has an opportunity to review the Magistrate Judge's ruling.

4. Once privileged information is disclosed, the protections afforded by legislative privilege cannot be restored. Accordingly, good cause exists under Rule 26(c) for a limited stay of discovery to avoid irreparable harm to Defendants.

5. Defendants therefore seek a stay of: (1) the discovery compelled by the Order (DE 86); (2) depositions of the School Board members and Dr. Sullivan; and (3) any other written discovery or deposition questions that implicate the assertion of legislative privilege.

6. Defendants simultaneously rely on the Memorandum of Law filed herewith.

7. Pursuant to Fed. R. Civ. P. 26(c)(1) and Local Rule 37.01(b), the undersigned

2

counsel hereby certifies that he has, in good faith, conferred with counsel for Plaintiffs in an effort to resolve this dispute without court action, but has been unable to come to an agreement.[2]

8.   By email on June 29, 2026, Plaintiffs' counsel notified Defense counsel of their plan to serve Rule 45 subpoenas on the individual members of the Rutherford County Board of Education. In response, Defense counsel expressed opposition and notified Plaintiffs' counsel that this motion would be filed today.

WHEREFORE, Defendants respectfully request that the Court stay (1) the discovery compelled by the Order (DE 86); (2) depositions of the School Board members and Dr. Sullivan; and (3) any other written discovery or deposition questions that implicate the assertion of legislative privilege pending resolution of Defendants' Rule 72(a) Motion for Review of Nondispositive Order of Magistrate Judge (DE 87), and grant such further relief as the Court deems appropriate.

**Respectfully submitted,**

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Nick C. Christiansen**
      **JEFF REED, #15000**
      **NICK C. CHRISTIANSEN, #30103**
      **JASON N. KING, #027749**
      16 Public Square North
      P.O. Box 884
      Murfreesboro, TN  37133
      (615) 893-5522
      jreed@mborolaw.com
      nchristiansen@mborolaw.com

---

[2] Specifically, Defendants proposed a narrowly tailored stay that would permit substantial non-privileged discovery concerning the removal and review of books prior to the School Board's legislative involvement, as well as depositions of fact witnesses other than Board members and Dr. Sullivan, subject to limitations designed to avoid intrusion into matters protected by legislative privilege. However, Plaintiffs declined that proposal and would not agree to any stay. *See* Exhibit A to the Memorandum of Law filed herewith.

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on **July 2nd, 2026** a true and correct copy of the foregoing document was served on all parties via the District Court's electronic filing system.

| | |
|---|---|
| **Anand Agneshwar**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Amand.Agneshwar@arnoldporter.com | **Lucas Cameron – Vaughn**<br>ACLU<br>PO Box 120160<br>Nashville, TN 37212<br>lucas@aclu-tn.org |
| **Dori Ann Hanswirth**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Dori.Hanswirth@arnoldporter.com | **Theresa House**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Theresa.House@arnoldporter.com |
| **Kerry E. Knox**<br>Castelli & Knox, LLP<br>117 S Academy Street<br>Murfreesboro, TN 37130<br>kek@castelliknox.com | **Zee Scout**<br>ACLU of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>zscout@aclu-tn.org |
| **Leah Novak**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Leah.Novak@arnoldporter.com | **Zoe Rachael Staum**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Zoe.Staum@arnoldporter.com |

**/s/Nick C. Christiansen**
**Nick C. Christiansen**