# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| RACHEL ROE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  3:25-cv-00429 |
| | ) | |
| RUTHERFORD COUNTY BOARD OF | ) | JUDGE RICHARDSON |
| EDUCATION, et al. | ) | MAGISTRATE JUDGE EVANS |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LIMITED STAY OF DISCOVERY PENDING RESOLUTION OF RULE 72(a) OBJECTIONS

COME NOW Defendants Rutherford County Board of Education and James Sullivan, in his official capacity as Director of Rutherford County Schools (collectively, "Defendants"), by and through counsel, and, pursuant to Fed. R. Civ. P. 26(c),[1] submit this Memorandum of Law in support of their Motion for Limited Stay of Discovery pending resolution of Defendants' Rule 72(a) Motion for Review of Nondispositive Order of Magistrate Judge. In support, Defendants state as follows:

## INTRODUCTION

On April 24, 2026, Magistrate Judge Evans entered a Memorandum Order (DE 86) compelling certain discovery relating to individual Board members' internal thoughts, deliberations, and decision-making processes concerning the removal of the books at issue in this

---

[1] The Federal Rules of Civil Procedure do not expressly provide for a "motion to stay discovery," but this Court and other courts in this Circuit routinely analyze such requests under Federal Rule of Civil Procedure 26(c) governing protective orders. *Collabera, Inc. v. Liggett*, No. 3:21-CV-00123, 2021 WL 6496801, at *1 (M.D. Tenn. June 21, 2021) (citing *Cockrill v. Mortg. Elec. Registration Sys.*, 2013 WL 1966304, at *2 (M.D. Tenn. May 10, 2013)).

case. The discovery compelled by the April 24, 2026 Memorandum Order (DE 86) concerns matters that Defendants contend are protected by legislative privilege, including legislative deliberations, motivations, evaluative judgments, and information-gathering undertaken in connection with legislative decision-making. Defendants filed objections pursuant to Federal Rule of Civil Procedure 72(a) (DE 87) on May 8, 2026 seeking review of that Order. Plaintiffs filed a Response in Opposition to Defendants' Motion for Review (DE 89) on May 22, 2026. Defendants filed a Reply (DE 91) on June 1, 2026.

Defendants seek a limited stay of the following discovery pending resolution of Defendants' Rule 72(a) objections: (1) the discovery compelled by the Order (DE 86); (2) depositions of the School Board members and Dr. Sullivan; and (3) any other written discovery or deposition questions that implicate the assertion of legislative privilege.

Absent a stay, Defendants will be required to disclose information that they contend is privileged before the District Court has an opportunity to review the Magistrate Judge's ruling. Once privileged information is disclosed, the protections afforded by legislative privilege cannot be restored. Thus, proceeding with the compelled discovery before resolution of the Rule 72(a) objections would risk irreparable harm and potentially moot meaningful review of the privilege issues presently before the Court.

Accordingly, good cause exists under Rule 26(c) for a limited stay of discovery as requested herein pending resolution of Defendants' Rule 72(a) objections.

## ARGUMENT

District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005).  In this circuit, a motion to stay discovery is analyzed under Federal Rule of Civil Procedure 26(c) governing protective orders. *Liggett*, 2021 WL 6496801, at *1. Under Rule

2

26(c), the moving party bears the burden of establishing "good cause" through specific facts demonstrating a clearly defined and serious injury that would result from the requested discovery. *Id.*; *In re Ohio Execution Protocol Litigation*, 845 F.3d 231 (6th Cir. 2016). In determining whether a stay is appropriate, courts consider "the balance of the hardships, the potential harm to the public, and judicial economy and efficiency," with the most important factor being the balance of hardships. *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 591 F.Supp.3d 205 (W.D. Ky. 2022) (citing *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, 879 F.2d 864 (6th Cir. 1989)).

Here, the discovery compelled by the Order (DE 86) would require disclosure of privileged material before judicial review of the privilege determination can occur and therefore effectively destroy the privilege asserted. *See In re Lott*, 424 F.3d 446, 449–50 (6th Cir. 2005) ("Mandatory disclosure of the communications is the exact harm the privilege is meant to guard against" and "there is no way to cure the harm" after disclosure); *In re Profs. Direct Ins. Co.*, 578 F.3d 432, 438–39 (6th Cir. 2009) ("a court cannot restore confidentiality to documents after they are disclosed"). Therefore, a limited stay is appropriate to prevent irreparable harm to Defendants.

## I. GOOD CAUSE EXISTS FOR A LIMITED STAY OF DISCOVERY PENDING RESOLUTION OF DEFENDANTS' RULE 72(a) OBJECTIONS

Good cause exists here because Defendants' Rule 72(a) objections directly challenge the Magistrate Judge's ruling compelling discovery that Defendants contend is protected by legislative privilege. The compelled discovery includes inquiries into what Board members reviewed, considered, relied upon, discussed, or rejected in connection with the challenged votes concerning library materials. Defendants contend that such discovery falls squarely within the protections afforded by legislative privilege because it necessarily probes legislative deliberations, mental impressions, evaluative judgments, and motivations underlying legislative decision-making. In

addition, prior to the Court's ruling on Defendants' Rule 72(a) objections, Plaintiffs may seek to depose witnesses on information protected by the legislative privilege.

If Defendants are required to comply with the compelled discovery or to permit witnesses to be deposed on topics implicating the privilege before the District Court resolves the Rule 72(a) objections, the asserted privilege will be irreparably lost. Disclosure of allegedly privileged communications, deliberative materials, or testimony cannot later be undone. Thus, absent a limited stay as to discovery for which Defendants assert the legislative privilege, Defendants will suffer substantial and irreparable prejudice before meaningful review of the privilege issues can occur.

Moreover, the pending Rule 72(a) objections may substantially narrow or eliminate the discovery presently at issue. Staying discovery pending review will therefore conserve judicial resources and avoid unnecessary motion practice and additional disputes concerning matters that may ultimately be deemed privileged and non-discoverable.

By contrast, Plaintiffs will suffer minimal, if any, prejudice from a limited stay pending resolution of the Rule 72(a) objections. The requested stay is narrowly tailored to the issue of legislative privilege and would only apply to: (1) the discovery compelled by the Order (DE 86); (2) depositions of the School Board members and Dr. Sullivan; and (3) any other written discovery or deposition questions that implicate the assertion of legislative privilege. Any delay would be temporary and tied directly to the Court's review of significant privilege issues that bear on the permissible scope of discovery in this action. Discovery concerning the review and removal of books prior to the School Board's legislative involvement in the challenged curation decisions, as well as depositions of numerous fact witnesses, including District personnel and members of the Library Materials Review Committee would still be able to proceed under this proposed stay. *See*

Exhibit A.[2] The requested stay would also not prohibit questioning concerning witnesses' own actions, observations, procedures, professional backgrounds, library practices, and other factual matters, provided that such questioning did not intrude upon legislative deliberations, motivations, mental impressions, or information considered by Board members in connection with legislative decision-making. *Id.* Under these circumstances, the narrowly tailored stay requested herein is reasonable and would not pose significant hardship to Plaintiffs.

In addition, under the current Case Management Order (DE 83), the discovery deadline is not until October 23, 2026, and the target trial date is not until July 13, 2027. Accordingly, a limited stay pending resolution of Defendants' Rule 72 objections will not disrupt the existing case schedule or prejudice Plaintiffs' ability to complete discovery within the Court's deadlines.

Moreover, this Court already determined that Plaintiffs failed to establish irreparable harm absent immediate injunctive relief. DE 45, PageID# 544–49. This prior determination strongly undermines any suggestion that Plaintiffs will suffer meaningful prejudice from a temporary stay pending resolution of Defendants' Rule 72(a) objections. Specifically, the Court found that Plaintiffs had not shown that the books were unavailable through alternative means such as public libraries or personal access. DE 45, PageID# 544–45. The Court concluded that the asserted injuries were, at least in part, speculative and insufficient to establish irreparable harm. DE 45, PageID# 545. The Court additionally recognized the significant public interest in allowing local school officials to protect minors from exposure to material deemed vulgar or sexually explicit. DE 45, PageID# 547–48.

---

[2] In an effort to resolve this discovery dispute, Defendants submitted to Plaintiffs the discovery proposal outlined in the email thread attached hereto as Exhibit "A". The proposed proposal would have allowed significant fact discovery to proceed while the District Court considers whether the Magistrate Judge's Order improperly compels disclosure of privileged legislative materials. Plaintiffs nevertheless rejected any stay and declined Defendants' proposal.

5

This Court also previously concluded that Plaintiffs failed to demonstrate a likelihood of success on the merits of their First Amendment claims. DE 45, PageID# 519. In doing so, the Court specifically found that the present record did not indicate that the Board removed books "solely because [it] disagree[d] with the views expressed in the books," but instead reflected "content-based" decisions grounded in concerns regarding vulgarity, sexual content, and educational suitability. DE 45, PageID# 530–31. The Court additionally emphasized the broad discretion afforded to local school boards in managing curriculum and library collections and recognized the importance of local control over educational decisions. DE 45, PageID# 536. The Court further observed that the record did not presently demonstrate a constitutionally impermissible motive underlying the challenged decisions. DE 45, PageID# 536. In light of this ruling and the extremely prejudicial effect the compelled discovery could have on the Board's legislative functions, the balance of harms strongly favors the limited stay requested herein.

The requested stay is limited in scope and duration and concerns only discovery that Defendants contend is protected by legislative privilege. By contrast, absent a stay, Defendants would be forced to disclose allegedly privileged legislative deliberations and motivations before the District Court has an opportunity to review the Magistrate Judge's ruling, thereby causing irreparable harm that cannot later be undone. Under these circumstances, the balance of hardships, judicial economy, and the interests of orderly case management weigh strongly in favor of a stay.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court stay (1) the discovery compelled by the Order (DE 86); (2) depositions of the School Board members and Dr. Sullivan; and (3) any other written discovery or deposition questions that implicate the assertion of legislative privilege pending resolution of Defendants' Rule 72(a) Motion for Review of

6

Nondispositive Order of Magistrate Judge (DE 87), and grant such further relief as the Court deems appropriate.

Respectfully submitted,

**HUDSON, REED & CHRISTIANSEN, PLLC**

**By: /s/ Nick C. Christiansen**
     **JEFF REED, #15000**
     **NICK C. CHRISTIANSEN, #30103**
     **JASON N. KING, #027749**
     16 Public Square North
     P.O. Box 884
     Murfreesboro, TN  37133
     (615) 893-5522
     jreed@mborolaw.com
     nchristiansen@mborolaw.com
     jking@mborolaw.com

     *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on <u>**July 2, 2026**</u> a true and correct copy of the foregoing document was served on all parties via the District Court's electronic filing system.

| | |
|---|---|
| **Anand Agneshwar**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Amand.Agneshwar@arnoldporter.com | **Lucas Cameron – Vaughn**<br>ACLU<br>PO Box 120160<br>Nashville, TN 37212<br>lucas@aclu-tn.org |
| **Dori Ann Hanswirth**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Dori.Hanswirth@arnoldporter.com | **Theresa House**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Theresa.House@arnoldporter.com |
| **Kerry E. Knox**<br>Castelli & Knox, LLP<br>117 S Academy Street<br>Murfreesboro, TN 37130<br>kek@castelliknox.com | **Zee Scout**<br>ACLU of Tennessee<br>P.O. Box 120160<br>Nashville, TN 37212<br>zscout@aclu-tn.org |
| **Leah Novak**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Leah.Novak@arnoldporter.com | **Zoe Rachael Staum**<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019<br>Zoe.Staum@arnoldporter.com |

<u>**/s/Nick C. Christiansen**</u>
**Nick C. Christiansen**